In re ESTATE of Harry GOLDENBERG, Deceased.

Yolande Goldenberg (GRAY), Appellant,

v.

Patrick M. FIANDACA III, Public Administrator, Edward L. Thomeczek, Deputy Public Administrator and Jerome B. Goldenberg, Respondents.

No. 41051.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 10, 1980.

Douglas B. Brockhouse, St. Louis, for appellant.

John F. Sutherland, IV, Andrew J. Minardi, Clayton, for respondents.

SMITH, Presiding Judge.

Yolande Goldenberg Gray appeals from the order of the trial court dismissing with prejudice her second amended petition for discovery of assets.[1]

Harry Goldenberg died October 14, 1969. Mrs. Gray was his widow and was named co-executor of his will along with her son, Jerome B. Goldenberg. Inventory of the estate was filed April, 1970. In May 1971, Mrs. Gray filed her affidavit for citation to discover assets pursuant to the then applicable statute, Sec. 473.340, R.S.Mo. 1969. This document charged that Jerome B. Goldenberg concealed or embezzled or otherwise wrongfully withheld personal property of the estate of Harry Goldenberg. In June 1971 the court, on its own motion, removed the co-executors and appointed the Public Administrator, Patrick M. Fiandaca III, administrator c.t.a.d.b.n.; Edward L. Thomeczek, deputy public administrator, actually has been handling the estate. In September 1976, upon the motion of Mrs. Gray, the probate court judge disqualified himself as to the citation to discover assets and certified that affidavit to the Circuit Court for hearing and determination. In October 1977, Mrs. Gray filed her second amended petition for discovery of assets, pursuant to the then applicable statute, Sec. 473.340, R.S.Mo. 1969 Supp. 1975. All respondents moved to strike portions of the petition which motions were granted July 18, 1978. In addition Fiandaca and Thomeczek moved to dismiss and that motion was also granted on July 18, 1978. On July 26, 1978, Mrs. Gray filed a motion for rehearing and on October 17, 1978, filed a motion for clarification of the July 18 order. This latter motion was premised upon an asserted confusion as to whether that order was intended to serve as a dismissal with prejudice as to all respondents or was intended to allow Mrs. Gray to amend or file a third amended petition. On October 20,

---

1. In fact the second amended petition was entitled "Second Amended Petition of Widow of Deceased to Collect Assets; Obtain an Accounting; Assess Damages, and Ascertain the Amounts Due Heirs on Final Order of Distribution." The parties are in agreement that the petition is for discovery of assets pursuant to Sec. 473.340 R.S.Mo. 1969, Supp. 1975.

1978, respondent Goldenberg filed his motion to dismiss the second amended petition. On that same day all pending motions were heard as well as an oral motion of Mrs. Gray for leave to amend. On October 23, 1978, the court sustained Goldenberg's motion to dismiss, and ordered that that order as well as the order of July 18 be entered as final appealable orders. By implication Mrs. Gray's motion for leave to amend was denied. This appeal followed.

■ On appeal Mrs. Gray first attacks the trial court order granting the motions of respondents to strike. The statute under which Mrs. Gray was proceeding is Sec. 473.340 R.S.Mo. 1969, Supp. 1975. It deals with the determination of title to, and/or right of possession of, personal property claimed to be an asset of the estate. It is a statutory proceeding similar to the common law actions of trover or conversion. *Edlen v. Tweed*, 295 S.W.2d 397 (Mo.App.1956) [1]. The statute is not intended as a device to test general fiduciary conduct, improper administration of the estate, or general disputes between the heirs. Mrs. Gray conceded that at least three of the stricken paragraphs do not properly allege facts relevant to the cause of action under the statute. In addition to those concededly improper paragraphs, she has alleged improper management of her husband's business by her son, her failure to receive her widow's allowance and tax refund, and the loss of personal property belonging to her. None of these allegations are relevant to the statutory cause of action she asserts. Certain additional paragraphs relate to the alleged failures of the respondents to properly direct or supervise the operation of her former husband's business. These allegations at best relate to the administration of the estate but not to the discovery of assets. Certain other allegations deal with her husband's income prior to this death and assets allegedly owned by him as much as five years before his death. They contain no allegations that he possessed any of these assets at the time of his death and we do not find it reasonable to infer that he did. Certain

other allegations deal with the history of the probate and estate proceedings but add nothing to a claim for discovery of assets. Our review of the petition convinces us that the court committed no error in striking those portions of the petition which it did.

■ Mrs. Gray's next contention is that the court erred in dismissing the petition. We view this from the standpoint of those allegations remaining after the court granted the motions to strike. Aside from certain preliminary identifying paragraphs only two sets of allegations remain. The first set allege that at the time of his death Harry Goldenberg "had" four specified certificates of deposit which were not inventoried in the estate. It also alleges that he had a savings account which he withdrew shortly prior to his death. This latter allegation does not sufficiently plead the existence of an asset at the time of death to be cognizable under the statutory cause of action. Giving the remaining allegations the most favorable and broadest reading possible we find they do state a cause of action for discovery of specific assets owned by decedent at the time of his death and allegedly not inventoried in his estate. In arriving at this conclusion, we must admit that we are inferring from the allegations that the title to or possession of these assets are being adversely withheld or claimed.

■ The remaining set of allegations refer to a statement allegedly made by Thomeczek in the probate court that he had located another $50,000 in assets for the estate but that he refused to identify the source. If true,[2] the matter deals with the management and accounting by the administrator and not to the statutory cause of action dealing with assets adversely claimed by another.

■ Mrs. Gray also contends the trial court erred in denying her leave to amend. While the rules provide that leave to amend shall be "freely grant[ed]" (Rule 67.06) the trial court does have discretion to deny such a request. *Cady v. Hartford Accident and Indemnity Company*, 439 S.W.2d 483 (Mo.

2. In answers to interrogatories Thomeczek denied ever having made such a statement.

1969) [7, 8]; *Kessler v. Reed,* 481 S.W.2d 559 (Mo.App.1972) [1–3]. As stated in *Cady, supra* :

"However, there may be reached a time when a defendant should no longer be required to continue to respond to amended petitions, particularly when the factual situation is not complex and a claim can easily and readily be stated if the facts authorize such a statement." [7, 8].

This estate has been pending since 1969. This is Mrs. Gray's second amended petition which means there have been at least two prior petitions plus her original affidavit. At the hearing no amendment was offered to the court nor was any valid explanation given of how Mrs. Gray could amend to state a cause of action. We find no abuse of discretion in the trial court's action.

Mrs. Gray's next point is that she was not given adequate time to respond to Goldenberg's motion to dismiss. In view of her motion for clarification and the prior motion of the other respondents we find no merit to this contention. *State ex rel Gleason v. Rickhoff,* 541 S.W.2d 47 (Mo.App. 1977) [2–5].

We arrive at the same conclusion on her final point, raised for the first time in her reply brief, that the court's order certifying the matter to the circuit court was void because Mrs. Gray's motion for such certification was faulty. At worst, the order was an irregularity in proceedings and Mrs. Gray's failure to object to it precludes the present attack. *Potter v. Adams' Executors,* 24 Mo. 159 (1857); *Wilson v. Long,* 156 S.W.2d 947 (Mo.App.1941).

Cause reversed and remanded for further proceedings on petitioner's allegations in paragraph 10 of her second amended petition relating to the certificates of deposit. In all other respects the judgment is affirmed.

SATZ and SIMON, JJ., concur.