STATE of Missouri, ex rel., David L. KNIGHT, Hamp Ford, Marvin E. "Bunky" Wright, Daniel K. Atwell, Jeffrey O. Parshall, Michael R. Baker, Susan Ford Robertson, Jeffrey H. Blaylock, David W. Walker, Larry Ferguson and Glen Ehrhardt, Relators,

v.

Honorable Larry D. HARMAN, Respondent.

No. WD 54592.

Missouri Court of Appeals, Western District.

Feb. 24, 1998.

James Barton, Kansas City, for Relators.

John Richard Shank, Jr., Kansas City, for Respondent.

HANNA, Presiding Judge.

The underlying lawsuit is an action for the discovery of assets, which was filed in the probate division of Clay County Circuit Court, brought by the Clay County Public Administrator, Beverly Sue Ryan, as Conservator for Brandon Reece's estate ("petitioner"). The action is filed against the Relators who are the present and past attorney members of the law firm of Knight, Ford, Wright, Atwell, Parshall and Baker.

This is an original proceeding in prohibition in which the Knight law firm is asking this court to make absolute its preliminary order in prohibition declaring that the Respondent, the Honorable Larry D. Harman, does not have jurisdiction to hear the claims asserted against them. Respondent is the judge of the probate division of the circuit court of Clay County. In the underlying action, the Knight law firm filed its motion to dismiss or, in the alternative, motion to quash service on the grounds that the probate division of the circuit court lacked jurisdiction to hear the claims contained in the petition for discovery of assets and that venue was improper. The probate court denied the motions without comment. The Knight law firm subsequently filed their petition for writ of prohibition with this court on July 10, 1997. On July 11, 1997, this court issued its preliminary order in prohibition.

**Underlying Facts**

The abbreviated facts underlying this matter commenced in November 1980, when Mr. Reece lost control of the automobile he was driving. The accident resulted in the death of his wife and severe permanent injuries to his ten-day-old son, Brandon.[1] Mr. Reece, on behalf of himself and Brandon, filed a wrongful death lawsuit against the driver of the other automobile involved in the accident in Cooper County. Mr. Reece also filed a medical malpractice lawsuit, in the same county, for injuries and damages sustained

---

1. Brandon, who is now almost 17 years old, requires constant personal care, is unable to ver-

bally communicate, and will never be capable of employment.

by Brandon.[2] After the medical malpractice case was concluded, Mr. Reece retained the Knight law firm. They were represented by Mr. Hamp Ford, who agreed to handle the wrongful death action and, additionally, filed suit for Brandon's bodily injuries. As the parties began to discuss settlement, the probate court of Cooper County appointed attorney Douglas Abele to act as conservator-ad-litem for Brandon. The matter was then transferred, via a change in venue, to Saline County. Settlement was eventually reached in the total amount of $3,600,000. Mr. Abele, as Brandon's conservator-ad-litem, and Mr. Reece reached an agreement, subject to court approval, regarding the apportionment of the settlement proceeds. The result was that Brandon's estate received, net attorney fees, $380,000 in cash and $6,430 per month for his life, per an annuity with a minimum guaranteed term of 20 years. Mr. Reece received a lump sum payment of $720,000, net attorney fees. The Knight law firm contends that the apportionment was based on approximately 70 percent of the net proceeds being allocated to Brandon with the remaining 30 percent allocated to Mr. Reece. The Knight law firm received $1,200,000 in attorney fees. The settlement was approved by the Cooper County Probate Court and by the Saline County Circuit Court. While the settlement was pending, Brandon's uncle and aunt filed an application with the probate division of the Clay County Circuit Court to acquire guardianship over Brandon. Mr. Reece's parental rights were eventually terminated and Brandon was adopted by his uncle and aunt.

## Underlying Claim

The petitioner in the underlying lawsuit claims that Reece, Abele, and the partners of the Knight law firm breached their fiduciary duties to Brandon.[3] The petitioner also claims that the Knight law firm was guilty of legal malpractice. The petitioner seeks to: (1) discover assets and property belonging to

or due to Brandon; (2) determine the title, right to possession and persons who have an interest therein; (3) direct the defendants to deliver assets belonging to Brandon; (4) render judgment in favor of Brandon against the defendants, and (5) collect actual damages, exemplary damages, interest, and costs. The petitioner asserts that the value of the claims exceed 8 million dollars, and seeks to have constructive trusts imposed against the Knight law firm as well as against Reece.

## Claims Asserted In Petition for Discovery of Assets

The petitioner makes the following claims against the Knight law firm in her petition titled "Petition for Discovery of Assets": breach of fiduciary duties (Count I) and legal malpractice (Count II) in that the Knight law firm settled for too little money and wrongfully disposed of $4,750,000 of Brandon's claim for damages; breach of fiduciary duties (Count III) in that the Knight law firm settled for 90 percent of the fault of the accident be allocated to Reece, and in that it wrongfully transferred $2,000,000 of Brandon's claims for the wrongful death of his mother to Reece; legal malpractice (Count IV) in that the Knight law firm negligently represented Brandon's interests resulting in the wrongful disposal of $1,400,000 of his claim for damages; breach of fiduciary duties (Count V) and legal malpractice (Count VI) in that the Knight law firm failed to bring an action against Reece on behalf of Brandon, released Reece from liability, and wrongfully disposed of $8,450,000 of Brandon's claims. Additionally, the petitioner asked that the probate court impose a constructive trust (Count IX) against the Knight law firm because they had unjustly received estate assets which they should not enjoy.

## Issue

The Knight law firm contends that the court lacks subject matter jurisdiction and

---

2. The court approved a settlement of the medical malpractice action in the amount of $350,000 with several of the defendants. Brandon received a cash payment of $52,000, and an annuity which provided monthly payments of $700 for life, with a guarantee of 480 months. A trial against the remaining defendants in the medical malpractice suit in 1988 resulted in a defendants'

verdict. The wrongful death case remained dormant during this time.

3. Douglas Abele has also filed a petition for writ of prohibition with this court. See the case of State ex rel. Abele v. Harman, Case No. WD 54593, for our companion decision.

that venue is improper. Because we agree that the probate division of the circuit court lacked subject matter jurisdiction, we do not address the venue question.

**Argument**

The Knight law firm claims that the probate court has no subject matter jurisdiction over this matter, because the claims alleged against them in the petition for discovery of assets are for legal malpractice and do not involve any property in the possession of the Knight law firm in which the conservatorship of Brandon has any claim or ownership interest. The Knight law firm asserts that the probate court's jurisdiction is limited to that granted by § 472.020,[4] which does not grant the probate court the power to hear and determine tort claims for legal malpractice which are improperly raised in a "Discovery of Assets" proceeding pursuant to § 473.340.[5]

■ The purpose of a discovery of assets proceeding, pursuant to § 473.340, is to determine whether a piece of property has been concealed, embezzled or wrongfully withheld from an estate. The result, as maintained by the Knight law firm, is that the petitioner is attempting to impermissibly broaden the probate court's jurisdiction by utilizing a discovery of assets procedure to give the probate court jurisdiction over these general tort claims.[6]

The petitioner claims, however, that the language of § 473.340 indicates that all discovery of assets actions are based on a substantive cause of action, e.g. tort claims such as those asserted in her petition. The petitioner further asserts that § 473.340 does not delineate what substantive law may be pursued in a discovery of assets proceeding, it only addresses the procedure and the remedies available. Moreover, she contends that her petition for discovery of assets properly follows the statutory requirements of § 473.340 by describing the property (which

she claims is Brandon's "claims for damages") and by asserting that said property is being wrongfully withheld (by being either "wrongfully transferred or disposed of") from Brandon's estate. See In re Estate of Foster, 878 S.W.2d 896, 897–98 (Mo.App.1994). Finally, the petitioner argues that the taking and disposing of estate assets by those persons appointed by the probate court as legal counsel for the conservators of the estate, is a "probate matter" and, therefore, subject to the jurisdiction of the probate court pursuant to § 472.020.

Petitioner maintains that her claims fall within the subject matter jurisdiction of the probate court pursuant to § 473.340, which provides:

Any executor, administrator, creditor, beneficiary or other person who claims an interest in property which is claimed to be an asset of an estate or which is claimed should be an asset of an estate may file a verified petition in the probate division of the circuit court which said estate is pending seeking determination of the title, or right to possession thereof, or both. The petition shall describe the property, if known, shall allege the nature of the interest of the petitioner and that title or possession of the property, or both, are being adversely withheld or claimed.

§ 473.340.1.

■ "A discovery of assets action, as its name implies, is a search for assets." *Hatten v. Mercantile Bank of Springfield,* 884 S.W.2d 326, 329 (Mo.App.1994)(quoting *In the Matter of the Estate of Mitchell,* 610 S.W.2d 681, 684 (Mo.App.1980)). The action is a "statutory proceeding similar to the common law actions of trover or conversion." *In re Estate of Goldenberg,* 601 S.W.2d 637, 639 (Mo.App.1980)(citing *Edlen v. Tweed,* 295 S.W.2d 397 (Mo.App.1956)). Its purpose is to determine whether "the decedent held ti-

4. All statutory references are to the Missouri Revised Statutes, 1994, unless otherwise indicated.

5. Section 475.340 allows a personal representative to bring a discovery of assets action. Section 475.160 provides for a nearly identical action for conservators, protectees, creditors, or

other persons who claim an interest in the property.

6. The parties also contest whether the petition for discovery of assets adequately identifies the "property" that the petitioner is attempting to have returned to the estate. We do not reach that question.

tle at his death to certain described property and that this property is being adversely withheld by another person." *Mitchell*, 610 S.W.2d at 684. The remedy provided by the statute was intended to permit a person interested in the estate of the deceased to recover assets asserted to be wrongfully or "adversely withheld or claimed" by another. § 473.340.1; *Caldwell v. First Nat'l Bank of Wellston*, 283 S.W.2d 921, 924 (Mo.App.1955); *In re Weingart's Estate*, 170 S.W.2d 972, 976 (Mo.App.1943).

Missouri courts have been asked, on several occasions, to determine whether a claim is properly characterized as a discovery of assets action. For example, this court determined in *In re the Estate of Halverson* that a personal representative's petition to discover assets and for breach of contract (for failure to pay over the proceeds from an IRA rollover account which were claimed to belong to the state) was properly before that court because it was alleged that the defendant held or claimed property belonging to the estate. We held that determining whether the asset belong to the estate is the purpose of a § 473.340.1 action. 840 S.W.2d 280, 284 (Mo.App.1992).

*In the Matter of the Estate of Woodrum*, the court found that allegations that a discharged conservator/guardian was adversely withholding the decedent's property, stated a cause of action for discovery of assets. 859 S.W.2d 259, 262 (Mo.App.1993). The *Woodrum* court also ruled, however, that the related action to recover on a surety bond covering the discharged conservator was an action for breach of contract and, as such, was not within the jurisdiction of the probate court. *See id.* The court found that the probate division of the circuit court "does not have the authority to try an action for breach of contract." *Id.*

The allegations in the petition for discovery of assets in the case of *In re Estate of Goldenberg*, are analogous to the claims at issue in this matter.[7] 601 S.W.2d 637, 638 (Mo.App.1980). In *Goldenberg*, the widow of the decedent alleged improper management of the decedent's business, as well as other allegations regarding the administration of the estate, against the co-executor of her husband's estate. *Id.* The court found that a discovery of assets proceeding is "not intended as a device to test general fiduciary conduct [or] improper administration of the estate." *Id.* at 639. The widow's allegations "at best relate to the administration of the estate but not to the discovery of assets." *Id.*

■ The allegations of legal malpractice/breach of fiduciary duty contained in the petition for discovery of assets levied against the Knight law firm are not appropriate claims for that device, as such claims do not involve the determination of title and/or the right to possession of property which is claimed to belong to Brandon's estate. The allegations of legal malpractice against the attorneys that represented an estate in its personal injury cause of action, are not properly brought under a statute that deals with the "determination of the title, or right to possession thereof" of property that is "being adversely withheld or claimed" pursuant to § 473.340.1.

As such, this action is not a discovery of assets proceeding because its purpose is to seek recovery of monetary damages, including punitive damages. Our second amended preliminary writ in prohibition is, therefore, made absolute as it relates to the Knight law firm. The probate court is hereby directed to sustain the Relator's motion to dismiss, as the probate court lacks jurisdiction to hear the claims set forth in the petition to discovery of assets that are pending against the Knight law firm.[8]

LOWENSTEIN and BRECKENRIDGE, JJ., concur.

---

7. This case was decided pursuant to § 473.340, RSMo 1969, Supp.1975, which is substantially identical to § 473.340, RSMo 1994, except that

the prior statute was only applicable to "personal" property.

8. The Knight Firm also claims that the venue of this matter is improper in Clay County and, since

venue is a jurisdictional defect, the probate court does not have personal jurisdiction of them because of improper venue. In light of our decision that the probate court lacks subject matter

jurisdiction to hear the discovery of assets claims as they relate to the Knight Firm, we are not addressing the issue of venue.