**STATE of Missouri, ex rel., Douglas ABELE, Relator,**

v.

**The Honorable Larry D. HARMAN, Probate Judge of the Circuit Court of Clay County, Missouri, Seventh Judicial Circuit, Respondent.**

No. WD 54593.

Missouri Court of Appeals,
Western District.

Feb. 24, 1998.

Thomas Deacy, Jr., Kansas City, for Relator.

John Shank, Jr., Kansas City, for Respondent.

**ORIGINAL PROCEEDING
IN PROHIBITION**

HANNA, Presiding Judge.

In November 1980, Brandon Reece, his father, Robert Reece, and Brandon's mother were involved in an automobile accident. Brandon received injuries that left him severely disabled. His mother was killed. Mr. Reece, retained Mr. Hamp Ford and his law firm, Knight, Ford, Wright, Atwell, Pershall, & Baker, to prosecute their civil claims for the wrongful death of Mrs. Reece and Bran-

don's claim for personal injuries. Relator, Douglas Abele, was appointed and acted as the conservator-ad-litem for Brandon when these claims were settled.

The underlying lawsuit is an action for the discovery of assets, which was filed in the probate division of Clay County Circuit Court, brought by the Clay County Public Administrator, Beverly Sue Ryan, as Conservator for Brandon Reece's estate ("petitioner"). Petitioner filed this discovery of assets action against Mr. Reece, the Knight law firm, and relator, asserting that they "wrongfully transferred or disposed" of Brandon's "claims for damages" arising from the settlement of his personal injury lawsuit, which was caused by the automobile accident in 1980.

This is an original proceeding in prohibition in which Mr. Abele is asking this court to make absolute its preliminary order in prohibition, declaring that the Respondent, the Honorable Larry D. Harman, does not have subject matter jurisdiction to hear the claims asserted against him. Respondent is the judge of the probate division of the circuit court in Clay County. In the underlying action, Mr. Abele moved the probate court to dismiss the claims against him for lack of subject matter jurisdiction and for improper venue. The probate court denied the motion. Mr. Abele subsequently filed his petition for writ of prohibition with this court on July 10, 1997.[1] On July 11, 1997, this court issued its preliminary order in prohibition.

### Underlying Facts

The abbreviated facts underlying this matter are that Brandon was, while a very small infant, involved in a car accident. His father was the driver of the car that collided with another vehicle. The accident left Brandon severely and permanently injured and resulted in his mother's death. As the parties began to discuss settlement of the resulting tort claims, Abele was appointed by the probate court of Cooper County to act as conservator-ad-litem for Brandon. Brandon and Brandon's father, as the beneficiaries of the settlement proceeds, reached an agreement regarding the settlement of their claims and the apportionment of the proceeds.[2]

### Underlying Claim

The petitioner in the underlying discovery of assets lawsuit claims that Reece, the Knight law firm, and the relator, Abele, breached their fiduciary duties to Brandon. The petitioner also claims legal malpractice was committed by the Knight law firm. The petitioner seeks to: (1) discover assets and property belonging to, or are due, Brandon; (2) determine the title, right to possession and persons who have an interest therein; (3) direct the defendants to deliver assets belonging to Brandon; (4) render judgment in favor of Brandon against the defendants, and; (5) collect actual damages, exemplary damages, interest, and costs. The petitioner asserts that the value of the claims exceed eight million dollars, and seeks to have constructive trusts imposed against the Knight law firm and Reece, but not against Abele.

### Claims Asserted In Petition for Discovery of Assets

The petitioner makes the following claims against Abele, in his capacity as conservator-ad-litem, in her petition titled "Petition for Discovery of Assets": Count I—breach of fiduciary duties in that Abele settled for too little money and wrongfully disposed of $4,750,000 of Brandon's claim for damages; Count III—breach of fiduciary duties in that Abele settled for 90 percent of the fault of the accident be allocated his father, as opposed to the other driver, and in that it wrongfully transferred $2,000,000 of Brandon's claims for the wrongful death of his mother to his father; and Count V—breach of fiduciary duties in that Abele failed to bring an action against his father on behalf of Brandon, released his father from liability, and wrongfully disposed of $8,450,000 of Brandon's claims.

---

1. The Knight law firm has also filed a petition for writ of prohibition with this court. See *State ex rel. Knight v. Harman*, Case No. WD 54592, 961 S.W.2d 951, in which the facts underlying this matter are set forth in more detail.

2. The settlement was approved by the circuit court of Saline County and the probate division of the circuit court of Cooper County.

### Issue

There are two issues presented by Abele; he contends that there is no subject matter jurisdiction and that venue is improper in the underlying matter. As such, he claims that our preliminary order in prohibition should be made absolute.

### Argument

Dispositive of the writ is the question of whether the probate division of the circuit court of Clay County has subject matter jurisdiction over the claims asserted against Abele in the petition for discovery of assets. Abele first asserts that the claims against him, in the underlying matter, are not properly asserted in a discovery of assets petition pursuant to § 473.340,[3] because the petition does not attempt to recover property wrongfully withheld from the estate by Abele.[4] Petitioner, however, maintains that the claims asserted in her discovery of assets action fall within the subject matter jurisdiction of the probate court pursuant to § 473.340, which provides:

> Any executor, administrator, creditor, beneficiary or other person who claims an interest in property which is claimed to be an asset of an estate or which is claimed should be an asset of an estate may file a verified petition in the probate division of the circuit court which said estate is pending seeking determination of the title, or right to possession thereof, or both. The petition shall describe the property, if known, shall allege the nature of the interest of the petitioner and that title or possession of the property, or both, are being adversely withheld or claimed.

§ 473.340.1.

■ As we have discussed in the companion case of *State ex rel. Knight v. Harman*, Case No. WD 54592, 961 S.W.2d 951, the

---

**3.** All statutory references are to the Missouri Revised Statutes, 1994, unless otherwise indicated.

**4.** Section 473.340 allows a personal representative to bring a discovery of assets action. Section 475.160 provides for a nearly identical action for conservators, protectees, creditors, or other persons who claim an interest in the property.

purpose of a discovery of assets action is to search for assets. *See Hatten v. Mercantile Bank of Springfield*, 884 S.W.2d 326, 329 (Mo.App.1994)(quoting *In the Matter of the Estate of Mitchell*, 610 S.W.2d 681, 684 (Mo.App.1980)). The issue is whether "the decedent held title at his death to certain described property and that this property is being adversely withheld by another person." *In the Matter of the Estate of Mitchell*, 610 S.W.2d 681, 684 (Mo.App.1980). *See also Caldwell v. First Nat'l Bank of Wellston*, 283 S.W.2d 921, 924 (Mo.App.1955)(ruling that the remedy was intended to permit recovery of property "asserted to be concealed, embezzled or otherwise wrongfully withheld"). After reviewing Missouri case law, we found that the allegations of breach of fiduciary duty contained in the petition for discovery of assets, are not appropriate claims for that device, as such claims do not involve the determination of title and/or the right to possession of property which is claimed to belong to Brandon's estate.

For example, in the case of *In re Estate of Goldenberg*, the widow of the decedent alleged improper management of the decedent's business, as well as other allegations regarding the administration of the estate, against the co-executor of the estate. 601 S.W.2d 637, 638 (Mo.App.1980). The court found that a discovery of assets proceeding is "not intended as a device to test general fiduciary conduct [or] improper administration of the estate." *Id.* at 639. Also, in *In the Matter of the Estate of Woodrum*, the court found that a claim to recover on a surety bond covering a discharged conservator was an action for breach of contract and, as such, the probate division of the circuit court "does not have the authority to try an action for breach of contract." 859 S.W.2d 259, 262 (Mo.App.1993).[5]

---

**5.** The Woodrum court did find that allegations levied against the discharged conservator stated a cause of action for discovery of assets. 859 S.W.2d 259, 262 (Mo.App.1993). However, the allegations against the conservator were that the conservator had adversely withheld the decedent's property, which is not the case here, as discussed *infra*. *See also In re the Estate of Halverson*, 840 S.W.2d 280, 284 (Mo.App.1992).

The petition for discovery of assets does not allege, with regard to Abele, that he "claims an interest in property which is claimed to be an asset of the estate," nor does it request the "determination of the title, or right to possession thereof" of property that is "being adversely withheld or claimed" pursuant to § 473.340.1. The petition does not assert that there is any estate property to be recovered from Abele, nor does it seek to impose a constructive trust against him. Essentially, the claims against Abele are that if he had not breached his fiduciary duties to Brandon, Brandon's estate would have received more money in the settlement of the tort claims. Therefore, the requirements to bring a discovery of assets claim are not met as to the claims against him. A discovery of assets action is not the proper vehicle for the breach of fiduciary duty claims levied against Abele.

 The petitioner maintains, however, that while the petition does not contain an allegation that Abele currently has property of the estate, it does contain allegations that other defendants have property that belongs to the estate. Thus, the petitioner first argues that Abele acted as "co-conservator" of Brandon's estate, along with Brandon's father and, therefore, is jointly and severally liable. Petitioner, in support of this argument, relies on *In re Estate of Chrisman*, in which the court found two jointly-appointed personal representatives of an estate jointly and severally liable. 746 S.W.2d 131, 134 (Mo.App.1988).

However, the petitioner makes no allegation of a breach of a joint duty. Abele was appointed, by the Cooper County Probate Court, to protect the interests and rights of Brandon with respect to the proposed settlement of his tort claims, including the allocation of payments made from the proceeds. As such, Abele was protecting Brandon's interests, including those interests that were divergent from his father's. The result is that Abele and Brandon's father were not acting as "co-conservators" in that they did

not function as identical entities with the same fiduciary duties, nor is Abele "responsible for the wilful or negligent wrongful acts or omissions—breaches of trust—of his co-trustee to which he consented, or by which his own negligence he made it possible for his co-trustee to commit." *Id.* at 135 (quoting 3 J. Pomeroy, *Equity Jurisprudence* § 1082 (4th Ed.1918)).[6]

 Additionally, the petitioner claims that since the rules of civil procedure are applicable to discovery of assets actions, pursuant to § 473.340.2, the rules of permissive joinder state that the parties may be joined in order to make a "complete determination of the issues" per the requirement of § 473.340.4. *See* Rule 52.04, V.A.M.R. As such, the petitioner claims that Abele can be joined in this action. In response, Abele denies that the underlying action asserts a valid claim for discovery of assets against any of the defendants in the underlying cause.

Regardless of whether a discovery of asserts claim can be asserted against any of the parties, the probate division cannot avoid the requirement that it must have subject matter jurisdiction over the claims asserted against Abele, before it may proceed against him. Personal and subject matter jurisdiction are conditions of the joinder of additional parties to the action. *See Ravenscroft v. Ravenscroft*, 585 S.W.2d 270, 275 (Mo.App.1979).

Our second amended preliminary writ in prohibition is, therefore, made absolute, as it relates to the Relator. The probate court is hereby directed to sustain the Relator's motion to dismiss, as it lacks jurisdiction to hear the claims set forth in the petition for discovery of assets that are pending against relator.[7]

LOWENSTEIN and BRECKENRIDGE, JJ., concur.

---

6. See also, § 475.097.1 which provides that while a conservator-ad-litem has authority over the care and custody of the property of the protectee, the authority of any permanent conservator is suspended.

7. The relator also claims that the venue is improper in Clay County and, since venue is a

jurisdictional defect, the probate division does not have personal jurisdiction. In light of our decision that the probate division lacks subject matter jurisdiction to hear the discovery of asset claims as they relate to relator, the venue issue is moot.