**Beverly Sue RYAN Conservator of the ESTATE OF Brandon S. REECE, minor, Respondent,**

v.

**John R. REECE, et al., Appellant.**

**No. WD 57785.**

Missouri Court of Appeals, Western District.

Aug. 22, 2000.

As Modified Oct. 3, 2000.

Motion For Rehearing and/or Transfer to Supreme Court Denied Oct. 3, 2000.

Application for Transfer Denied Dec. 5, 2000.

James P. Barton, Jr., Thomas E. Deacy Jr., Spencer Brown, Kansas City, for appellant.

John Shank Jr., Gwen Edwards, Gladstone, for respondent.

Before Presiding Judge HAROLD L. LOWENSTEIN, Judge LAURA DENVIR STITH and Judge THOMAS H. NEWTON.

LAURA DENVIR STITH, Judge.

Plaintiff Beverly Sue Ryan, as Conservator for the Estate of Brandon Shane Reece, filed a petition for discovery of assets under Section 473.340 RSMo 1994 against John Robert Reece, Isla Faye Reece, and Reece Farms, L.L.C. ("Reece Farms") (herein referred to as "Defendants"). Judge John A. Borron found all three defendants liable as a sanction for their alleged violation of certain discovery rules. After a hearing on damages, he awarded $7,820,000.00 in actual damages and $4,092,085.38 in pre-judgment interest against Mr. Reece, $720,000.00 in actual damages and $333,766.72 in pre-judgment interest against Mrs. Reece, and $75,000 in actual damages against Reece Farms. Mrs. Reece and Reece Farms appeal.[1] Because we find that the trial court lacked

---

1. The claim against Mr. Reece has been stayed by the bankruptcy court due to his filing of bankruptcy, and he is therefore not a participant in this appeal.

subject matter jurisdiction over Plaintiff's claims against them in this petition for discovery of assets proceeding, we reverse and remand with directions to dismiss the claims against Mrs. Reece and Reece Farms.

## I. FACTS AND PROCEDURAL HISTORY

Further discussion of the underlying facts can be found at *State ex rel. Abele v. Harman,* 962 S.W.2d 945 (Mo.App. W.D. 1998), *State ex rel. Knight v. Harman,* 961 S.W.2d 951 (Mo.App. W.D.1998), and *Ryan v. Ford,* 2000 WL 196638 (Mo.App. W.D. 2000). For purposes of this appeal, we note that the causes of action stem from a serious two-car accident that occurred on November 27, 1980. Involved in that accident were Brandon Shane Reece and his parents, John Robert Reece and Julia Reece, who were riding in the car driven by Mr. Reece, and Gerald Pendleton, who was driving the other car. The accident caused Brandon severe and permanent injuries and caused the death of his mother, Julia. In the years that followed, a number of lawsuits were filed, dismissed, and later re-filed on behalf of Brandon, seeking to establish liability and recover damages from Mr. Pendleton, Brandon's father, and various medical care providers, based on claims of wrongful death or personal injury. Eventually the claims were settled, with $720,000.00 going to Mr. Reece, $380,000.00 in cash and $6,430.00 per month for life with a minimum guaranteed term of 20 years going to Brandon, and $1,200,000.00 going to the attorneys who represented Brandon and Mr. Reece. The settlement was approved by two different courts.

On April 23, 1997, Plaintiff filed a petition for discovery of assets in the Probate Division of the Circuit Court of Clay County, Missouri against Defendants Mr. and Mrs. Reece and Reece Farms; against Douglas Abele, who served as conservator ad litem for Brandon's estate in the litigation of Brandon's tort cases; and against the former attorneys for Brandon's estate and Mr. Reece in the tort cases, Hamp Ford, Larry Ferguson, and the partners of the Knight law firm (collectively as the "Knight lawyers"), seeking to recover assets she alleged were misappropriated from and belonged to the estate.

Sometime thereafter, the Knight lawyers and Mr. Abele each filed a writ of prohibition with this Court asserting that the probate court lacked subject matter jurisdiction to hear Plaintiff's claims. In support, the Knight lawyers claimed that "because the claims alleged against them in the petition for discovery of assets are for legal malpractice and do not involve any property in the possession of the Knight law firm in which [the estate] has any claim or ownership interest," the probate court was without subject matter jurisdiction. Mr. Abele argued that, for similar reasons, the court lacked subject matter jurisdiction over the breach of fiduciary duty claim asserted against him in the discovery of assets proceeding.

This Court granted both Petitions for Writ of Prohibition. In holding that the probate court lacked subject matter jurisdiction of the claims filed against the Knight lawyers, we stated:

> The allegations of legal malpractice/breach of fiduciary duty contained in the petition for discovery of assets levied against the Knight law firm are not appropriate claims for [a discovery of assets proceeding], as such claims do not involve the determination of title and/or the right to possession of property which is claimed to belong to Brandon's estate. The allegations of legal malpractice against the attorneys that represented an estate in its personal injury cause of action, are not properly brought under a statute that deals with the "determination of the title, or right to possession thereof" of property that is "being adversely withheld or claimed" pursuant to [Section] 473.340.1.
>
> As such, this action is not a discovery of assets proceeding because its purpose

is to seek recovery of monetary damages, including punitive damages. Our second amended preliminary writ in prohibition is, therefore, made absolute as it relates to the Knight law firm. The probate court is hereby directed to sustain the Relator's motion to dismiss, as the probate court lacks jurisdiction to hear the claims set forth in the petition to discovery of assets that are pending against the Knight law firm.

*Knight,* 961 S.W.2d at 955. In similar fashion, we granted Mr. Abele's Petition for Writ of Prohibition, stating:

Essentially, the claims against Abele are that if he had not breached his fiduciary duties to Brandon, Brandon's estate would have received more money in the settlement of the tort claims. Therefore, the requirements to bring a discovery of assets claim are not met as to the claims against him. A discovery of assets action is not the proper vehicle for the breach of fiduciary duty claims levied against Abele.

*Abele,* 962 S.W.2d at 948.

Subsequent to our decisions in *Abele* and *Knight,* Mr. Reece and Reece Farms petitioned this Court for a writ of prohibition on the same grounds. The petition filed by Mr. Reece and Reece Farms was denied, without opinion, on May 21, 1998.[2]

On the same day that Defendants' petition for a writ was denied, Plaintiff filed an amended petition for discovery of assets against Defendants (the subject of this appeal), which set forth three claims. In Count I, Plaintiff sought actual and exemplary damages based on the constructive fraud of Mr. Reece for alleged breaches of his fiduciary duty owed to Brandon in his handling of Brandon's claims arising out of the accident. In Count II, Plaintiff alleged that the Reeces unlawfully obtained $1,080,000 as a result of the settlement agreements among the parties to the underlying tort suits, and that those funds should be held in constructive trust for the benefit of Brandon. Finally, in Count III, Plaintiff sought to impose a constructive trust on $75,000 in assets held by Reece Farms that Plaintiff alleged it received from Mr. Reece out of the proceeds of the settlements.

On June 10, 1998, counsel for the Reeces and Reece Farms filed a motion to dismiss the claims made in Plaintiff's amended petition and another motion seeking a protective order permitting the Reeces and Reece Farms to forego responding to Plaintiff's discovery requests until their motion to dismiss had been ruled upon.

Before ruling on all of the pending motions, or on Plaintiff's subsequently filed motion to compel discovery, Judge Harman recused himself and Judge Borron was assigned to the case. Judge Borron overruled the motion to dismiss and vacated the stay on discovery. A period of legal maneuvering ensued between August 1998 and December 1998, resulting in a ruling by the probate court striking the answers of Mr. Reece and Reece Farms for failure to timely respond to Plaintiff's discovery requests, and a consequent finding in favor of Plaintiff on the issue of liability. Approximately three months later, and for similar reasons, the probate court entered an order striking Mrs. Reece's answer and finding her liable to the estate as well. The probate court then held a trial solely on the issue of damages, after which it found Defendants liable to the estate in the following amounts: Mr. Reece, for $11,912,085.38 ($7,820,000.00 in actual damages; $4,092,085.38 in pre-judgment interest); Mrs. Reece, for $1,053,766.72 ($720,000.00 in actual damages; $333,766.72 in pre-judgment interest); and Reece Farms, for $75,000.00. This appeal by Mrs. Reece and Reece Farms followed.

---

**2.** A petition for a writ is not a substitute for appeal nor does its denial affect this Court's consideration of the merits of a later appeal. *State ex rel Douglas Toyota III, Inc. v. Keeter,* 804 S.W.2d 750, 752 (Mo. banc 1991); *State ex rel. Lester E. Cox Medical Center v. Wieland,* 985 S.W.2d 924, 927 (Mo.App. S.D.1999).

## II. STANDARD OF REVIEW

Defendants raise a number of issues on appeal, including error in imposing sanctions, error in the amount of damages awarded, and lack of subject matter jurisdiction to hear the claims raised by Plaintiff in a discovery of assets proceeding. We must affirm the trial court's judgment unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). With regard to the question of subject matter jurisdiction, as the essential facts are not disputed, the issue is one of law which we review *de novo. Cook v. Polineni*, 967 S.W.2d 687, 690 (Mo.App. E.D.1998). *See also, Parmer v. Bean*, 636 S.W.2d 691, 694 n. 1 (Mo. App. E.D.1982).

## III. LACK OF SUBJECT MATTER JURISDICTION

Because we find the issue of subject matter jurisdiction is dispositive, we address only that issue in this opinion.

■ Pursuant to Section 473.340, the probate court has the authority to oversee an action for discovery of assets whereby an estate, through its representatives, seeks to determine the "estate's title, right to possession, or both of *specific property*." *Estate of Williams v. Williams*, 12 S.W.3d 302, 305 (Mo. banc 2000) (emphasis added). Section 473.340 states:

1. Any personal representative, administrator, creditor, beneficiary or other person *who claims an interest in property which is claimed to be an asset of an estate or which is claimed should be an asset of an estate* may file a verified petition in the probate division of the circuit court in which said estate is pending *seeking determination of the title, or right of possession thereto, or both. The petition shall describe the property, if known, shall allege the nature of the interest of the petitioner and that title or possession of the property, or both, are being adversely withheld or claimed.* The court may order the joinder, as a party, of any person who may claim an interest in or who may have possession of any such property.

2. Service of summons, petition and answer thereto together with all subsequent proceedings shall be governed by the Missouri Rules of Civil Procedure. Any party may demand a jury trial.

3. Upon a trial of the issues, the court shall determine the persons who have an interest in said property together with the nature and extent of any such interest. The court shall direct the delivery or transfer of the title or possession, or both, of said property to the person or persons entitled thereto and may attach the person of any party refusing to make delivery as directed. If the party found to have adversely withheld the title or possession, or both, of said property has transferred or otherwise disposed of the same, the court shall render a money judgment for the value thereof with interest thereon from the date the property, or any interest therein, was adversely withheld. In addition to a judgment for title and possession, or either, or for the value thereof, the court may enter a judgment for all losses, expenses and damages sustained, if any, but not including attorney fees, if it finds that the property was wrongfully detained, transferred or otherwise disposed of.

4. If the court finds that a complete determination of the issues cannot be had without the presence of other parties, the court may order them to be brought in by an amended or supplemental petition. The court shall order the joinder of the personal representative of the estate if he is not named as a party.

Sec. 473.340 RSMo 1994 (emphasis added).

Here, Plaintiff asserts that the assets she sought to discover in this case are "choses in action," which are designated as

personal property under Section 472.010(25) RSMo 1994. She does not, however, assert that Defendants took the choses in action and prosecuted them in their own name and kept the proceeds received. Rather, she alleges that Defendant Mr. Reece, in the course of pursuing these choses in action on behalf of Brandon in his capacity as guardian, conservator and father of Brandon, mishandled the claims for his own benefit rather than for the benefit of Brandon by agreeing to settle the claims for less than their true value, and by then arranging to be awarded more of the settlement than he had a right to receive. By maneuvering the claims as he did, Plaintiff claims, Mr. Reece depleted the estate's property by devaluing its choses in action. She then alleges that he shared these proceeds with Mrs. Reece and Reece Farms, and that all are therefore liable to the estate for these allegedly converted estate assets. She seeks not the return of specific dollar amounts allegedly taken, but of the amounts which Mr. Reece was awarded in earlier court-approved settlements, of other consequential damages resulting from his alleged breach of duty and of prejudgment interest.

While Plaintiff's claim is innovative, we find it to be without merit. A petition for discovery of assets is the appropriate mechanism for determining the right and title of the estate to *specific assets*. We have explicitly held, however, that it is "not intended as a device to test general fiduciary conduct, improper administration of the estate, or general disputes between heirs," *In re Goldenberg's Estate*, 601 S.W.2d 637, 639 (Mo.App. E.D.1980), nor does it provide a forum for the probate court "to try an action for breach of contract." *Estate of Woodrum*, 859 S.W.2d 259, 262 (Mo.App. S.D.1993).

These limitations on the power of the probate court in a discovery of assets proceeding are fatal to Plaintiff's suit against Mrs. Reece and Reece Farms. Plaintiff does not assert that any specific assets

which were actually a part of the estate were actually converted by Defendants, nor does she allege that Defendants converted specific assets to which the estate had been determined to have a legal right. To the contrary, Plaintiff is claiming that, as a result of Mr. Reece's breach of his fiduciary duty to Brandon, the structured settlements yielded a lesser amount for the estate than that which could have been obtained were there no such breach, and that any funds now held by Defendants resulting from the settlement should therefore be held in constructive trust for the estate, and other resulting damages should be awarded. She nonetheless argues that she has thus shown that Defendants possess assets which "should be an asset" of the estate, and thus she has a right to pursue her claim under Section 473.340 by filing a petition for discovery of assets proceeding such as this one and the court below thus had subject matter jurisdiction over her claims.

Plaintiff's expansive reading of the phrase "should be an asset" of the estate was expressly rejected by this Court in granting writs of prohibition in both *Knight* and *Abele*. Thus, in *Abele*, 962 S.W.2d at 948, we held that, while plaintiff styled her claim as a petition for discovery of assets, she was not really pursuing specific assets which she alleged Mr. Abele had taken from the estate, but rather was alleging that the estate had less assets than it should have had due to his breach of fiduciary duty. The latter is a tort claim, we held, and therefore "the requirements to bring a discovery of assets claim are not met as to the claims against [Mr. Abele]. A discovery of assets action is not the proper vehicle for the breach of fiduciary duty claims levied against Abele." *Id.*

Plaintiff also attempts to distinguish *Abele* on the ground that Mr. Abele did not have possession of particular estate property, but only of fees paid by the estate to him in his capacity as conservator ad litem, and, therefore, this Court was

correct in granting Mr. Abele's request for a writ of prohibition. Here, by contrast, Plaintiff alleges, Mr. Reece had possession of specific property of the estate – the choses in action and settlement proceeds eventually realized from prosecuting them. As Mr. Reece actually received part of the settlements, he therefore had assets which "should have been" part of the estate, she claims. And, because Mr. Reece gave some of those assets to Mrs. Reece and Reece Farms, Plaintiff argues, it is proper to proceed against them in this petition for discovery of assets proceeding as well. In support, she cites to our Supreme Court's recent decision in *Estate of Williams v. Williams*, 12 S.W.3d 302, 305 (Mo. banc 2000), claiming that *Williams* held that a common law claim for conversion of estate assets and a punitive damages claim associated with the conversion claim *must* be brought in the probate division of the circuit court.

*Williams* nowhere so states. It states only that:

a common law action alleging *the conversion of property belonging to a decedent's estate* and seeking a common law claim for punitive damages associated with that conversion *may be pursued* in a discovery of assets proceeding in the probate division of the circuit court.

*Williams*, 12 S.W.3d at 305 (emphasis added). Thus, it said that a discovery of assets proceeding in the probate division of the circuit court was merely *a* forum for pursuing a claim for conversion of estate assets, not the only such forum.

More relevant to the instant suit, it also clearly noted that such a suit is to be brought where it is alleged that defendant *converted property belonging to the decedent's estate.* Clearly, that is the law of Missouri. This begs the question, however, whether the property which Plaintiff seeks has been converted from the estate. In *Williams,* the property at issue clearly had been converted from the estate, for decedent's mother, in her capacity as personal representative of the estate, directed the issuer of an annuity that distributions from the annuity should be *made in her name and made directly to her,* instead of to the estate. After the mother kept many of these distributions, the decedent's sister filed a petition for discovery of assets asserting that the mother took the checks generated from the annuity company for herself and held them against the estate, and that because she did so in a malicious manner, punitive damages should be awarded. *Id.* at 303–04.

While the issue in *Williams* was whether a plaintiff in a discovery of assets proceeding could seek punitive damages, the court clearly recognized that the claim itself was one to discover specific assets, i.e. annuity checks, that were converted by the mother from the estate, and, therefore, were within the subject matter jurisdiction of the probate division under Section 473.340. In so holding, *Williams* cited and reaffirmed this Court's ruling in *Abele* that because in that case "the claim was that the conservator had breached a fiduciary duty by failing to more zealously pursue a settlement of certain tort claims," then "the question of ownership of estate property was not at issue, [and so] the court [properly] held the discovery of assets proceeding was not the proper procedural vehicle." *Williams*, 12 S.W.3d at 305.

While *Williams* is thus not controlling, *Knight* is. There, similarly to here, Plaintiff alleged that the Knight firm had been awarded $1,200,000 in legal fees by the probate court in settlement of Brandon's claims, and that the Knight lawyers had breached their fiduciary duty to Brandon in settling for too small an amount, in allowing too much of the settlement to go to Mr. Reece, and in taking too much money as a fee. Therefore, Plaintiff argued, the Knight lawyers wrongfully possessed a portion of the settlement proceeds and "petitioner asked that the probate court impose a constructive trust … against the Knight law firm because they had unjustly received estate

assets which they should not enjoy." *Knight*, 961 S.W.2d at 953.

We rejected Plaintiff's argument that a petition for discovery of assets was the proper mechanism to use to proceed against the Knight lawyers, holding that the "allegations of legal malpractice/breach of fiduciary duty contained in the petition for discovery of assets levied against the Knight law firm are not appropriate claims for [a discovery of assets proceeding], as such claims do not involve the determination of title and/or the right to possession of property which is claimed to belong to Brandon's estate." *Knight*, 961 S.W.2d at 955. In other words, in *Knight*, as in the case at bar, there was no specific asset or item alleged to have been taken from the estate. Rather, in *Knight*, a court had awarded the law firm the $1,200,000 in fees at issue, just as, here, two courts approved the award to Mr. Reece of the funds which Plaintiff now says he received only by breaching his fiduciary duty to and defrauding Brandon. Thus, in *Knight*, as here, even assuming that a breach of fiduciary duty or malpractice occurred, it did not result from conversion of assets the estate had or should have had, but resulted from mismanagement of an estate asset – the choses in action – so that they did not bring in as much value to the estate as they should have done, as a result of alleged self-dealing.

Plaintiff asks us to overrule *Knight*, arguing that it imposed too narrow a limit on the use of a discovery of assets proceeding. We find that the holding in *Knight* is well-grounded in prior Missouri law governing the power given the probate court to determine common law claims in a discovery of assets proceeding. *In re Goldenberg's Estate*, 601 S.W.2d 637 (Mo.App. E.D. 1980), is particularly instructive. In *Goldenberg*, Harry Goldenberg, decedent, died leaving his wife, Yolanda Goldenberg Gray, and his son, Jerome B. Goldenberg, as co-

executors of his will. *Goldenberg's Estate*, 601 S.W.2d at 638. Two years after the death of her husband, Ms. Gray sought to discover the assets of decedent's estate, claiming that her son was wrongfully withholding some property of the estate. *Id.* The Court found, however, that the trial court committed no error when it struck some of the allegations in Ms. Gray's petition, for they were outside the purview of a discovery of assets claim. Specifically, the Court found that allegations of "improper management of her husband's business by her son, her failure to receive her widow's allowance and tax refund, and the loss of personal property belonging to her," "at best relate to the *administration of the estate* but not to the discovery of assets." *Id.* at 639 (emphasis added). Thus, it held, claims for mismanagement of an estate or breach of fiduciary duty are not cognizable under a discovery of assets claim.[3]

*Estate of Woodrum*, 859 S.W.2d 259 (Mo.App. S.D.1993), also addressed the breadth of a probate court's subject matter jurisdiction in discovery of assets claims. In that case, prior to the death of his wife, Mr. Woodrum served as her conservator and guardian as she was incapacitated and disabled. The court, however, revoked his appointment because of his failure, *inter alia*, to maintain his official duties. Ms. Woodrum's son from a prior marriage, Mr. Weyrauch, succeeded as guardian and conservator. *Id.* at 260–61. After Ms. Woodrum's death and during the administration of her estate, Mr. Weyrauch filed a petition for discovery of assets naming as defendants Mr. Woodrum and his surety during his tenure as guardian and conservator over his wife, Western Surety Company ("Western"). As against Mr. Woodrum, it was alleged that he was adversely withholding, and claiming as his own, personal property believed to belong to Ms. Woodrum's estate. The order to dismiss these allegations was reversed and the claim was

---

3. Ms. Gray also alleged that her husband had at the time of his death four specified certificates of deposit that were not inventoried into the estate, and the court held that she did "state a cause of action for discovery of [these] *specific assets*" of the estate. *Id.*

allowed to proceed. As against Western, Mr. Weyrauch claimed it was liable to the estate on its surety bond since Mr. Woodrum had failed in his duty as guardian and conservator of his wife. However, because recovery on a surety bond is a contract action, the court found that the discovery of assets petition did not state a cause of action as such a claim was not cognizable in the probate court. *Id.* at 262.

■ The principles set out in *Knight, Goldenberg's Estate* and *Woodrum* are applicable here. The monies sought by Plaintiff result not from the *taking* of the estate's choses of action, but from alleged breaches of fiduciary duty causing the estate to be deprived not of the existing or potential choses of action themselves, but of a greater portion of the proceeds from the settlement of those actions. In other words, although Mr. Reece may have made the choses of action less valuable to the estate, he did not take them from the estate. Indeed, Plaintiff is not claiming that Defendant took ownership of the choses in action, but only that the assets were rendered less fruitful to the estate because of Defendant's breach of fiduciary duty. And, in awarding damages, the court below did not simply find that specific assets were converted and order them returned, nor even order Mr. Reece to return the amount he received in settlement of the underlying tort claims, but actually awarded the estate the additional amounts the court found might have been recovered by the estate had its claims arising out of the accident been better handled. Assuming, without deciding, that Mr. Reece, like Mr. Goldenberg, may have mismanaged the assets of an estate, even to an extent that he acted below the level of diligence required of a fiduciary, and that he may be liable in tort to the estate under some other theory, he did not convert to himself specific assets of the estate and the estate's claims against Mrs. Reece and Reece Farms cannot be pursued in the context of this petition for discovery of assets proceeding.

For these reasons, we find that Plaintiff's claims are beyond the subject matter jurisdiction of the probate division of the circuit court pursuant to a petition for discovery of assets, as she seeks recovery of damages for Defendants' breach of fiduciary duty to the estate and not to discover and recover specific assets held against the estate. Accordingly, we reverse and remand with directions to dismiss the claims against Mrs. Reece and Reece Farms.

Presiding Judge HAROLD L. LOWENSTEIN and Judge THOMAS H. NEWTON concur.