See also 961 S.W.2d 951, 962 S.W.2d 945, 16 S.W.3d 644.

**Beverly Sue RYAN, Clay County Public Administrator, as Conservator for the Estate of Brandon Shane Reece, A Minor, Respondent,**

v.

**John R. REECE, et al., Appellant.**

**No. WD 58832.**

Missouri Court of Appeals, Western District.

July 31, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 4, 2001.

Application for Transfer Denied Jan. 22, 2002.

James Borthwick, Kansas City, for appellant.

John R. Shank, Jr., Kansas City, for respondent.

Before LOWENSTEIN, P.J., ULRICH, J. and HANNA, S.J.

ULRICH, Judge.

John Reece appeals the judgment of the trial court in favor of the Clay County Public Administrator, Beverly Sue Ryan, as Conservator for the Estate of Brandon Shane Reece (Petitioner), in her action for discovery of assets. The judgment against Mr. Reece awarded Petitioner $7,820,000 in actual damages and $4,092,085.38 in prejudgment interest. The judgment also imposed a constructive trust on certain property held by Mr. Reece for the benefit of Brandon Reece's estate. Because the trial court lacked subject matter jurisdiction over Petitioner's discovery of assets claims against Mr. Reece, the judgment is reversed, and the case is remanded with directions to dismiss the claims against him.

This opinion adopts a substantial part of the facts as set out in *Ryan ex rel. Estate of Reece v. Reece,* 31 S.W.3d 82 (Mo.App. W.D.2000). An additional discussion of the underlying facts of this case can be found at *Ryan v. Ford,* 16 S.W.3d 644 (Mo.App. W.D.2000); *State ex rel. Abele v. Harman,* 962 S.W.2d 945 (Mo.App. W.D.1998); and *State ex rel. Knight v. Harman,* 961 S.W.2d 951 (Mo.App. W.D.1998). The appellant John Reece, his wife Julia Reece, and their ten-day-old child Brandon Reece were involved in a serious automobile accident in November 1980. Julia Reece was killed in the accident, and Brandon was severely and permanently injured. Mr. Reece was appointed as Brandon's guardian and conservator and filed several lawsuits including wrongful death and personal injury claims on his own and Brandon's behalf as a result of the collision. As the parties began discussing settlement of the tort claims, a conservator-ad-litem was appointed for Brandon. As beneficiaries of the settlement proceeds, Mr. Reece and Brandon reached an agreement regarding settlement of the claims and apportionment of the proceeds. Mr. Reece received $720,000 in cash and Brandon received $380,000 in cash and an annuity that would pay him $6,430 per month for life with a minimum guaranteed term of 20 years. The settlement was approved by two different courts.

On April 23, 1997, Petitioner filed her discovery of assets action in the probate division of the Clay County Circuit Court against Mr. Reece, his wife Isla Faye Reece, Reece Farms, L.L.C., Brandon's conservator-ad-litem, and the lawyers and law firm that represented Mr. Reece and Brandon in their tort claims. In the action, Petitioner sought to recover assets she alleged were misappropriated from and belonged to Brandon's estate. Thereafter, the conservator-ad-litem and

the law firm each filed a petition for this court's writ of prohibition asserting that the probate division lacked subject matter jurisdiction to hear Petitioner's claims. This court granted both petitions for writ of prohibition holding that the probate division lacked subject matter jurisdiction because the breach of fiduciary duty and legal malpractice claims against the conservator-ad-litem and the attorneys were not appropriate claims for a discovery of assets proceeding. *Abele,* 962 S.W.2d at 948; *Knight,* 961 S.W.2d at 955. Subsequent to these decisions, Mr.Reece and Reece Farms filed a petition for writ of prohibition on the same grounds. The petition was denied, without opinion.[1]

On the day the petition for writ of prohibition was denied, Petitioner filed her first amended petition for discovery of assets against Mr. Reece, Mrs. Reece, and Reece Farms. The petition alleged three counts. In Count I titled "Constructive Fraud," Petitioner alleged that Mr. Reece breached his fiduciary duties as Brandon's conservator in handling Brandon's claims arising out of the automobile accident. Petitioner prayed that the court discover the assets and property belonging to or due Petitioner, determine the title and right to possession of the same, and direct Mr. Reece or any other person who has title or possession of the assets or property to deliver them to Petitioner. In the event that the assets or property had been disposed of, Petitioner sought actual and exemplary damages. In Count II, Petitioner alleged that Mr. and Mrs. Reece unlawfully obtained $1,080,000 as a result of the settlement agreements in the underlying tort actions and asked the court to impose a constructive trust on the funds for the benefit of Brandon. In Count III, Petitioner alleged that Reece Farms un-

lawfully obtained from Mr. Reece $75,000 in assets from the settlement proceeds and requested the court to impose a constructive trust on the assets for the benefit of Brandon.

Thereafter, Mr. Reece and Reece Farms filed a motion to dismiss claiming that the trial court lacked subject matter jurisdiction over Petitioner's claims. They also filed a motion for a protective order providing that they need not respond to discovery requests until the court ruled on the motion to dismiss. Petitioner filed a motion to compel Mr. Reece to respond to discovery. Before ruling on the pending motions, Judge Harman recused himself, and Judge Borron was assigned to the case. The motion to dismiss was subsequently denied by the trial court, and the stay on discovery was vacated.

Four months later, the trial court struck the answers and counterclaims of Mr. Reece and Reece Farms for failure to timely respond to Petitioner's discovery requests. The trial court also entered judgment in favor of Petitioner and against Mr. Reece and Reece Farms on the issue of liability. Thereafter, the trial court entered judgment striking Mrs. Reece's answer for similar reasons and also finding her liable to the estate. Petitioner subsequently filed a motion for summary judgment against Mr. Reece as to actual damages in Count I. After reviewing the motion and Mr. Reece's suggestions in opposition to the motion, the trial court entered judgment in favor of Petitioner and against Mr. Reese for actual damages in the amount of $7,820,000.

Thereafter, Mr. Reece filed for bankruptcy, and Petitioner's claims against him were stayed. The claims against Mrs. Reece and Reece Farms were subsequent-

---

1. "A petition for a writ is not a substitute for appeal nor does its denial affect this Court's consideration of the merits of a later appeal." *Reece,* 31 S.W.3d at 85 n. 2.

ly severed from those against Mr. Reece. A trial was then held on the claims against Mrs. Reece and Reece Farms on the issue of damages. Judgment was entered in favor of Petitioner. The judgment against Mrs. Reece awarded Petitioner $720,000 in actual damages and $333,766.72 in pre-judgment interest. The judgment against Reece Farms awarded Petitioner $75,000 in damages. The judgment also imposed a constructive trust on certain property held by Mrs. Reece and Reece Farms for the benefit of Brandon Reece's estate. Mrs. Reece and Reece Farms appealed the judgment to this court, and this court reversed it finding that the trial court lacked subject matter jurisdiction over Petitioner's discovery of assets claims against Mrs. Reece and Reece Farms. *Reece,* 31 S.W.3d at 90.

During the pendency of the appeal in *Reece,* the stay in the bankruptcy proceeding was modified to allow entry of a final judgment in Petitioner's case against Mr. Reece. The parties then filed stipulations with the trial court that outlined the issues remaining in the case (punitive damages and additional prejudgment interest under Count I and the claims against Mr. Reece in Count II) and the evidentiary record they were submitting to the court. Thereafter, the trial court entered final judgment in favor of Petitioner and against Mr. Reece. It awarded Petitioner $7,820,000 in actual damages and $4,092,085.38 in prejudgment interest. The judgment also imposed a constructive trust on certain property held by Mr. Reece for the benefit of Brandon Reece's estate. This appeal by Mr. Reece followed.

On appeal, Mr. Reece claims that the trial court erred in entering judgment in favor of Petitioner because it lacked subject matter jurisdiction over Petitioner's discovery of assets claims. He also claims that the trial court erred in imposing sanc-

tions against him and in entering a judgment that was grossly disproportionate to any rule violation he may have committed. Because the issue of subject matter jurisdiction is dispositive, other issues raised in Mr. Reece's appeal are not addressed.

■■ The judgment of the trial court will be affirmed on appeal unless it is not supported by substantial evidence, it is against the weight of the evidence, it erroneously applies the law, or it erroneously declares the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Where the facts are undisputed, the question of subject matter jurisdiction is a question of law that is reviewed *de novo* by the appellate court. *Reece,* 31 S.W.3d at 86; *B.C. National Banks v. Potts,* 30 S.W.3d 220, 221 (Mo.App. W.D.2000).

■■ The probate division of the circuit court has original and exclusive jurisdiction over a discovery of assets action under section 473.340. *Estate of Williams v. Williams,* 12 S.W.3d 302, 305 (Mo. banc 2000). A discovery of assets action is an action to determine an estate's title, right to possession, or both to specific property. § 473.340.1, RSMo 2000; *Williams,* 12 S.W.3d at 305. Section 473.340.1 provides:

> Any personal representative, administrator, creditor, beneficiary or other person who claims an interest in property which is claimed to be an asset of an estate or which is claimed should be an asset of an estate may file a verified petition in the probate division of the circuit court in which said estate is pending seeking determination of the title, or right of possession thereto, or both. The petition shall describe the property, if known, shall allege the nature of the interest of the petitioner and that title or possession of the property, or both, are being adversely withheld or claimed. The court may order the joinder, as a party, of any person who may

claim an interest in or who may have possession of any such property. § 473.340.1, RSMo 2000. A petition for discovery of assets is "not intended as a device to test general fiduciary conduct, improper administration of the estate, or general disputes between heirs." *Reece*, 31 S.W.3d at 87 (quoting *In re Goldenberg's Estate*, 601 S.W.2d 637, 639 (Mo. App. E.D.1980)).

 In this case, the probate division of the Clay County Circuit Court lacked subject matter jurisdiction over Petitioner's discovery of assets action against Mr. Reece. As discussed in *Reece*, Petitioner, in her petition for discovery of assets, did not assert that any specific assets of Brandon's estate were converted by Mr. or Mrs. Reece or Reece Farms, nor did she allege that Mr. or Mrs. Reece or Reece Farms converted specific assets to which the estate had been determined to have a legal right. *Reece*, 31 S.W.3d at 87. Instead, Petitioner claimed that, as a result of Mr. Reece's breach of his fiduciary duty to Brandon, the structured settlements from the underlying tort suits yielded a lesser amount for the estate than that which could have been obtained were there no breach. *Id.* Petitioner's allegations against Mr. Reece were allegations of breach of fiduciary duty and mismanagement of estate assets—the choses in action. Her prayer for damages and imposition of a constructive trust was based on the allegation that in pursuing the choses in action on behalf of Brandon as his guardian and conservator, Mr. Reece mishandled the claims for his own benefit causing the estate to realize a smaller settlement than it should have. The prayer was not based on an allegation that Mr. Reece converted or took from the estate specific funds or property. Because Petitioner sought damages for breach of fiduciary duty and did not seek to discover and recover specific assets alleged to have been taken from Brandon's estate, Petitioner's claims against Mr. Reece cannot be pursued in the context of this discovery of assets proceeding. *Id.* at 90. The trial court lacked subject matter jurisdiction over the petition for discovery of assets.

The judgment of the trial court is reversed, and the case is remanded with directions to dismiss the claims against Mr. Reece.

LOWENSTEIN, J. and HANNA, J. concur.