MARKET ENGINEERING CORPORA-
TION, a Colorado corporation,
Plaintiff–Appellant,

v.

MONOGRAM SOFTWARE, INC., a
California corporation,
Defendant–Appellee.

No. 89CA1977.

Colorado Court of Appeals,
Div. V.

Jan. 17, 1991.

Hall and Evans, Alan Epstein, Kristine K. Hughes, Denver, for plaintiff-appellant.

Thomas E. Cirkal, Denver, for defendant-appellee.

Opinion by Judge HUME.

Plaintiff, Market Engineering Corporation, appeals the trial court's order dismissing, with prejudice, its complaint against defendant, Monogram Software, Inc. We vacate the portion of the order specifying that the dismissal is "with prejudice."

Plaintiff's original complaint sought money damages against a California corporation pursuant to an alleged breach of contract and upon a theory of unjust enrichment. Personal service of a summons and copy of the original complaint occurred in California on June 29, 1989, but the complaint was not filed with the court until August 1, 1989.

On August 8, 1989, defendant filed a C.R.C.P. 12 motion to dismiss for lack of personal jurisdiction, asserting that under § 13–1–124, C.R.S. (1986 Repl.Vol. 6A), defendant's contacts and activities relating to the contract were insufficient to confer jurisdiction on the Colorado court by out-of-state service of process. The motion sought dismissal of the action, but it did not request that the dismissal be entered with prejudice.

Plaintiff did not respond to defendant's motion to dismiss. On August 8, 1989, plaintiff filed an amended complaint that reasserted its original claims and added additional claims for damages resulting from defendant's negligent and fraudulent misrepresentation and concealment that allegedly had induced plaintiff to enter into a contract with defendant.

On September 6, 1989, the court, noting plaintiff's lack of response to defendant's motion to dismiss and deeming the motion confessed thereby, ordered the action dismissed "with prejudice." Subsequently, the court denied plaintiff's motion for relief from the September 6 order and its motion to reconsider that denial.

In this appeal, plaintiff challenges only that portion of the dismissal specifying that it was with prejudice. We agree with plaintiff's position.

The authority of a trial court to dismiss actions is governed by C.R.C.P. 41. C.R.C.P. 41(b)(1) authorizes entry of an involuntary dismissal at the request of a defendant for a plaintiff's failure to comply with the rules of civil procedure. It provides:

"Unless the court in its order for dismissal otherwise specifies, a dismissal under this section (b) and any dismissal not provided for in this Rule, *other than a dismissal ... for lack of jurisdiction* ... operates as an adjudication on the merits." (emphasis added)

The rule thus incorporates the fundamental principle that a dismissal for lack of jurisdiction is not an adjudication on the merits of any claims asserted in the action and, thus, cannot be utilized as a bar to

subsequent proceedings. *See Costello v. United States*, 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961) (interpreting similar language in F.R.C.P. 41(b)); *Martinez v. Richardson*, 472 F.2d 1121 (10th Cir.1973). *See also Morehart v. National Tea Co.*, 29 Colo.App. 465, 485 P.2d 907 (1971) (interpreting another exception listed in C.R.C.P. 41(b)(1)).

Since the dismissal was rooted in the trial court's determination that it lacked jurisdiction to entertain the merits of the action, the court was without authority to enter a judgment that prospectively precluded adjudication of the asserted claims.

Accordingly, the words "with prejudice" in the trial court's order of dismissal are a nullity, and that portion of the order is vacated. The cause is remanded with directions that the trial court modify its order to reflect that the dismissal is without prejudice.

JONES and REED, JJ., concur.