**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Jon E. GALVIN, Jr., Defendant–Appellant.**

**No. 96CA1973.**

Colorado Court of Appeals, Div. IV.

Nov. 28, 1997.

Rehearing Denied Jan. 2, 1998.

Certiorari Denied July 27, 1998.

**1138**

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Peter J. Cannici, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Martin Gerra, Deputy State Public Defender, Denver, for ·Defendant–Appellant.

Opinion by Judge ROY.

Defendant, Jon E. Galvin, Jr., appeals from the order denying his motion to dismiss a complaint to revoke probation based on an asserted lack of jurisdiction in the trial court to act on the complaint. We affirm.

In 1992, defendant entered a guilty plea to one count of conspiracy to commit second degree burglary and received a two-year deferred judgment and sentence. The deferred judgment and sentence was revoked on April 15, 1994, and defendant was sentenced to two years probation.

On April 4, 1996, defendant's probation officer filed a "Complaint in Support of Warrant for Probation Violation." The complaint alleged several violations of the terms and conditions of defendant's probation and requested the issuance of an arrest warrant. A warrant was issued and defendant was brought before the court on June 7, 1996, to hear the allegations against him. On June 10, 1996, defendant's probation officer filed a complaint seeking the revocation of probation.

In August 1996, a hearing was held on the complaint to revoke probation. At that hearing, defendant moved to dismiss the complaint on the grounds that the trial court lacked jurisdiction to revoke defendant's probation because the two-year probationary period expired on April 15, 1996, and the complaint to revoke probation was not filed until June 10, 1996.

The trial court denied defendant's motion, concluding that the prosecution was only required to initiate the revocation proceedings before the expiration of the probation term and that the filing of the first complaint for an arrest warrant, which was timely and which met the statutory requirements of a complaint to revoke probation, was sufficient initiation. We agree with the trial court's analysis.

The district court loses jurisdiction over a probationer after the term of probation has expired. The probationary term is, however, tolled by the initiation of revocation proceedings. *See People v. Peretsky,* 44 Colo.App. 270, 616 P.2d 170 (1980) (running of deferred judgment limitation period will be tolled if revocation proceedings initiated before end of that period).

Section 16–11–205, C.R.S.1997, governs the initiation of probation revocation proceedings. That statute contemplates four ways by which probation revocation proceedings may be initiated: (1) the issuance of a summons by a probation officer requiring the

probationer to appear in court, § 16–11–205(2), C.R.S.1997; (2) the arrest of a probationer by a probation officer, § 16–11–205(3), C.R.S.1997; (3) the filing of a complaint for the revocation of the probation, § 16–11–205(5), C.R.S.1997; and (4) the filing of a report by the probation officer, or a verified complaint by any person, together with a request for an arrest warrant, § 16–11–205(6), C.R.S.1997.

A complaint to revoke must be filed within five days after the probation officer arrests the probationer without a warrant, or within a reasonable time after the probation officer issues a summons for the arrest of the probationer. Section 16–11–205(4), C.R.S.1997.

While a complaint to revoke probation must ultimately be filed in order to revoke the probation, we conclude that any of the four events described above is sufficient to initiate probation revocation proceedings, and thereby toll the probationary period until the proceedings are completed, terminated by the probation officer, or dismissed by the court.

 Here, the complaint filed by the probation officer seeking an arrest warrant and the issuance of that warrant occurred before the expiration of defendant's probationary period. The record reveals that a formal complaint was filed within five days of the defendant's arrest as required by statute. Hence, the district court had jurisdiction to revoke defendant's probation.

Our conclusion that the arrest of the probationer by the probation officer, the issuance of a summons for the arrest of the probationer by the probation officer, or the filing of a complaint seeking the issuance of an arrest warrant are sufficient to initiate a probation revocation is bolstered by § 16–11–205(4)(b), C.R.S.1997. That subsection provides that if, after any of these three events, the probation officer terminates the revocation proceedings without filing the complaint, that officer must give written notification to the court of his or her action and, of course, release the probationer if incarcerated. This language suggests that probation revocation proceedings have, in fact, been commenced.

We further note that, in this case, the complaint in support of the arrest warrant contained all of the information required for a complaint in support of probation revocation. Section 16–11–205(5), C.R.S.1997. Indeed, the only difference between the two complaints is that the second reports the arrest, the first appearance, the reduction of bond, and the hearing date on the complaint. Accordingly, it would be exalting form over substance to hold that the complaint in support of the issuance of an arrest warrant was not sufficient to initiate the proceeding for the revocation of probation, and toll the running of the probation term.

The order is affirmed.

STERNBERG, C.J., and NEY, J., concur.