The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Rhonda KNOTT, Defendant–Appellant.

No. 01CA1852.

Colorado Court of Appeals,
Div. II.

May 22, 2003.

Rehearing Denied July 10, 2003.

Certiorari Denied Jan. 26, 2004.*

Ken Salazar, Attorney General, Cynthia A. Greenfield, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Joan E. Mounteer, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge CARPARELLI.

Defendant, Rhonda Knott, appeals the sentence to probation imposed following her release from community corrections. We affirm.

Pursuant to a plea agreement, defendant pleaded guilty to one count of theft. She was ultimately sentenced to three years in a community corrections facility and was ordered to pay $10,532.83 in restitution. On May 29, 2001, the community corrections program director filed a letter with the trial court requesting that defendant be resentenced to a term of probation to ensure her payment of restitution balances. The letter also stated that, with the application of earned time credits, defendant could be released from her community corrections sentence as early as June 27, 2001.

On June 22, 2001, defendant appeared at a hearing regarding the request for resentencing. During the hearing, defense counsel stated that defendant's community corrections time would end June 27. The district attorney asked for additional time to evaluate the legality of the program director's request. The court continued the hearing until June 29, 2001.

On June 25, 2001, the program director filed a letter regarding defendant's earned time and adjustment of her release date. In

---

* Justice COATS would grant as to the following issue:

Whether the court of appeals erred in ruling that the district court had jurisdiction to impose an additional probationary term after Petitioner had discharged her community corrections sentence.

that letter, the program director noted that he had previously requested resentencing to probation to insure that defendant satisfy unpaid restitution balances and that the court had conducted the June 22 hearing and continued the matter to June 29. The program director attached the earned time computation, which indicated that the earliest possible release date was June 27, 2001. On June 27, 2001, the court endorsed the letter and indicated that the new release date was June 27, 2001.

When the court reconvened on June 29, 2001, defense counsel argued that the court no longer had jurisdiction because defendant was no longer in community corrections. The district attorney acknowledged that defendant may have been discharged, but argued that such discharge was not effective. The court continued the hearing until July 20, 2001, to give the parties time to research the issue.

On August 15, 2001, the court issued a written order in which it concluded that §§ 16–11–204(4) & 17–27–105(1)(h) (now §§ 18–1.3–204(4) & 18–1.3–301(1)(h), C.R.S. 2002), provided the authority to modify defendant's sentence. The court found that: (1) defendant still owed approximately $5,700 in restitution; (2) on May 25, 2001, community corrections had requested that defendant be resentenced to a term of probation that would allow her to satisfy her restitution obligation; (3) on June 27, 2001, after the resentencing request "was made and pending," defendant completed her community corrections sentence; and (4) it was "in the best interests of both the victims and justice that restitution continue to be monitored." The court then resentenced defendant to a four-year term of probation, with the only condition being the payment of restitution.

■ On appeal, defendant contends, and the People concede, that the trial court lacked jurisdiction to resentence her after she was released from community corrections. We disagree.

■ We are not bound by the parties' concessions as to the applicable law. *See People v. Backus*, 952 P.2d 846 (Colo.App. 1998).

We conclude that the trial court had the authority under the former §§ 16–11–204(4) & 17–27–105(1)(h) to modify defendant's community corrections sentence before it expired. We further conclude that the court retained this authority after defendant's release date passed because resentencing proceedings were initiated prior to that date.

Section 17–27–105(1)(h) provided:

The sentencing court shall have the authority to modify the sentence of an offender who has been directly sentenced to a community corrections program in the same manner as if the offender had been placed on probation.

Section 16–11–204(4) provided:

For good cause shown and after notice to the defendant, the district attorney, and the probation officer, and after a hearing if the defendant or the district attorney requests it, the judge may reduce or increase the term of probation or alter the conditions or impose new conditions.

In *People v. Gore*, 774 P.2d 877 (Colo. 1989), the supreme court endorsed the majority view that a trial court retains jurisdiction over a probationer, even after the probation term expires and probation is terminated by court order, so long as revocation proceedings are initiated before the termination. Similarly, in *People v. Galvin*, 961 P.2d 1137 (Colo.App.1997), a division of this court held that initiation of revocation proceedings tolls the running of the term of a probationary sentence.

Here, defendant does not dispute that resentencing proceedings were initiated before her release date or that she received notice of the proceedings. In addition, the court convened the proceedings and defendant appeared before the court before her release date.

Accordingly, we conclude that, because resentencing proceedings were initiated before defendant's release from community corrections, the court retained jurisdiction to modify the sentence. *See People v. Gore, supra; People v. Galvin, supra.*

■ To the extent defendant also contends, for the first time on appeal, that the

trial court violated her constitutional right to due process and the prohibition against double jeopardy, we decline to address those contentions. *See People v. Cagle*, 751 P.2d 614 (Colo.1988)(constitutional issues not raised in trial court will not be considered when raised for the first time on appeal); *People v. Williams*, 33 P.3d 1187 (Colo.App.2001)(declining to address double jeopardy issue raised for the first time on appeal).

The sentence is affirmed.

Judge NEY and Judge MARQUEZ concur.