**Rodney LEVINE, individually, as personal representative of the Rosamond H. Levine Estate and as trustee of the Rosamond H. Levine Trust; Cathy Hatfield; and Sharri Zelson, Plaintiffs–Appellants,**

v.

**Michael M. KATZ, Esq.; Peter R. Moison, Esq.; Kathryn A. Reeves, Esq.; and Katz, Look, & Moison, P.C., f/k/a Elrod, Katz, Preeo, Look, Moison, and Silverman, P.C., a Colorado professional corporation, Defendants–Appellees.**

No. 04CA2399.

Colorado Court of Appeals, Div. II.

July 13, 2006.

Rehearing Denied Sept. 26, 2006.

Law Office of David C. Feola, P.C., David C. Feola, Evergreen, Colorado, for Plaintiffs–Appellants.

McConaughy & Sarkissian, P.C., Gerald D. Pratt, Englewood, Colorado, for Defendants–Appellees.

Opinion by Judge ROTHENBERG.

Plaintiffs, Rodney Levine, individually, as personal representative of the Rosamond Levine Estate, and as trustee of the Rosamond Levine Trust; Cathy Hatfield; and Sharri Zelson (collectively Levine), appeal an order of the Denver District Court granting a motion to dismiss Levine's claims based on lack of subject matter jurisdiction. Defendants are Michael M. Katz, Peter R. Moison, Kathryn A. Reeves, and Katz, Look & Moison, P.C. (the lawyers). We reverse the district court order and remand for further proceedings consistent with this opinion.

## I. Background

This is a legal malpractice action against the lawyers who provided estate planning and trust administration services to decedents, Gerald and Rosamond Levine (the parents). The parents were survived by five children, Rodney Levine, Cathy Hatfield, Sharri Zelson, Wendy Julia, and Henry Le-

vine. Wendy Julia and Henry Levine are not parties to these lawsuits.

In a complaint filed in the Denver District Court, Levine alleged that upon the death of the parents, trust and estate assets were distributed pursuant to documents prepared by the lawyers, but that Julia received more of the trust and estate assets than their parents had intended. Levine alleged seven claims for relief: breach of contract, breach of implied covenant of good faith and fair dealing, negligence, breach of fiduciary duty, fraudulent concealment, fraudulent misrepresentation, and negligent misrepresentation. The relief requested against the lawyers included disgorgement; compensatory, consequential, and exemplary damages; and interest, costs, and attorney fees.

The lawyers moved to dismiss pursuant to C.R.C.P. 12(b)(1), contending that the Denver District Court lacked subject matter jurisdiction over Levine's claims and that the Denver Probate Court had original and exclusive jurisdiction over the case. The district court denied the lawyers' motion.

Before trial, a successor judge was assigned to the case, and the lawyers filed a second motion to dismiss pursuant to C.R.C.P. 12(b)(1), along with a motion for summary judgment under C.R.C.P. 56(h) (determination of question of law). Both motions asserted the same grounds, namely, that the Denver District Court lacked subject matter jurisdiction because such jurisdiction was vested in the probate court.

The successor judge concluded he was not bound by the law of the case and ruled that the Denver Probate Court had exclusive jurisdiction over the case. Accordingly, the successor judge granted the lawyers' motion and dismissed Levine's claims without prejudice.

Levine then filed a complaint in the Denver Probate Court alleging the same malpractice claims against the lawyers. We have treated the appeal from that case (05CA0490) as a companion case, but the cases were not formally consolidated.

After filing the probate case, Levine filed a motion in Denver District Court asking the court to reconsider its order of dismissal. The district court denied Levine's motion.

Meanwhile, the lawyers moved the probate court to dismiss that action pursuant to C.R.C.P. 12(b)(5). They argued that "unless and until" Levine obtained a determination of the parents' intent and the proper distribution of the trust and estate assets, the probate court complaint failed to state a claim upon which relief could be granted. Levine responded on the merits and also requested that the probate court conclude it lacked subject matter jurisdiction over the action.

The probate court denied Levine's request, stating that the court of appeals was the appropriate forum to determine subject matter jurisdiction. Nevertheless, the probate court proceeded to dismiss Levine's case without prejudice for failure to state a claim and, thus, exercised jurisdiction over the case. The probate court stated that until the parents' intent was established, the probate court would be unable to determine whether their "intent ... [was] carried out and if not, why not, and who bears responsibility or liability for error, if any is proven, and who has standing to seek damages for any such errors." The probate court referred to the pending probate case involving Rosamond Levine's estate (case no. 98PR 1790) as a potential forum for determining the parents' intent.

## II. District Court Jurisdiction

Levine contends the Denver District Court erred in granting the lawyers' motion to dismiss for lack of subject matter jurisdiction. Levine maintains that if we uphold the rulings of the district court and the probate court, we would leave Levine with no forum in which to obtain legal redress against the lawyers. Levine further maintains that while the pending probate case involving Rosamond Levine's estate (case no. 98PR 1790) may be a potential forum for determining the parents' intent, contrary to the probate court's conclusion it is not an appropriate forum in which to address Levine's malpractice allegations or to award damages based on those allegations.

We conclude the Denver District Court has subject matter jurisdiction over this case and

erred in determining otherwise. In our companion opinion concerning the probate court case announced today, we conclude the Denver Probate Court lacked jurisdiction, and we vacate its order in that case.

■ Subject matter jurisdiction is defined as a court's power to resolve a dispute in which it renders judgment. *Trans Shuttle, Inc. v. Pub. Utils. Comm'n,* 58 P.3d 47 (Colo. 2002); *Ashton Props., Ltd. v. Overton,* 107 P.3d 1014 (Colo.App.2004). A court has subject matter jurisdiction if "the case is one of the type of cases that the court has been empowered to entertain by the sovereign from which the court derives its authority." *Horton v. Suthers,* 43 P.3d 611, 615 (Colo. 2002) (quoting *Paine, Webber, Jackson & Curtis, Inc. v. Adams,* 718 P.2d 508, 513 (Colo.1986)).

■ "Whether a court possesses such jurisdiction is generally only dependent on the nature of the claim and the relief sought." *Trans Shuttle, Inc. v. Pub. Utils. Comm'n, supra,* 58 P.3d at 50. "[I]t is the facts alleged and the relief requested that decide the substance of a claim, which in turn is determinative of the existence of subject matter jurisdiction." *Trans Shuttle, Inc. v. Pub. Utils. Comm'n, supra,* 58 P.3d at 50 (quoting *City of Boulder v. Pub. Serv. Co.,* 996 P.2d 198, 203 (Colo.App.1999)).

■ The Colorado Constitution vests district courts with general subject matter jurisdiction in civil cases. *See* Colo. Const. art. VI, § 9. As courts of general jurisdiction, the district courts in Colorado have the authority to consider questions of law and of equity and to award legal and equitable remedies. *Paine, Webber, Jackson & Curtis, Inc. v. Adams, supra.*

The Denver Probate Court was created as a constitutional court of record in 1964, effective January 12, 1965. Colo. Const. art. VI, § 9(3); 1964 Colo. Sess. Laws., ch. 47, § 37–20–1 at 445 (now codified at § 13–9–101, C.R.S.2005); *see* Barbara Bintliff, A *Jurisdictional History of the Colorado Courts,* 65 U. Colo. L.Rev. 577 (1994). The probate court's jurisdiction is limited to those matters conferred by statute and by the Colorado Constitution. *See generally* Colo. Const. art. VI, § 9(3); § 13–9–106, C.R.S.2005.

Article VI, § 9(3) of the Colorado Constitution provides:

In the city and county of Denver, exclusive original jurisdiction in all matters of probate, settlements of estates of deceased persons, appointment of guardians, conservators and administrators, and settlement of their accounts, the adjudication of the mentally ill, and such other jurisdiction as may be provided by law shall be vested in a probate court. . . .

Section 13–9–103(1), C.R.S.2005, provides that in Denver the probate court has original and exclusive jurisdiction of:

(a) The administration, settlement, and distribution of estates of decedents . . . ;

. . .

(d) The probate of wills;

. . .

(h) The determination of heirship in probate proceedings and the devolution of title to property in probate proceedings;

. . .

(j) The construction of wills;

(k) The administration of testamentary trusts . . . ; and

(l) All other probate matters.

Section 15–16–201(1), C.R.S.2005, of the Colorado Probate Code further provides that the probate court has exclusive jurisdiction of certain proceedings concerning trusts:

The court has exclusive jurisdiction of proceedings initiated by interested parties concerning the internal affairs of trusts. Proceedings which may be maintained under this section are those concerning the administration and distribution of trusts, the declaration of rights, and the determination of other matters involving trustees and beneficiaries of trusts. These include, but are not limited to, proceedings to:

. . .

(c) Ascertain beneficiaries, determine any question arising in the administration or distribution of any trust including questions of construction of trust instruments, instruct trustees, and determine the exis-

tence or nonexistence of any immunity, power, privilege, duty, or right....

*See* § 15–10–201(10), C.R.S.2005 (in the Probate Code, "court" is "the district court, except in the city and county of Denver where it is the probate court").

■ An appellate court applies a mixed standard of review to motions to dismiss for lack of subject matter jurisdiction. *Hanson v. Colo. Dep't of Revenue*, 140 P.3d 256, 2006 WL 1028944 (Colo.App. No. 04CA2292, Apr. 20, 2006); *Egle v. City & County of Denver*, 93 P.3d 609 (Colo.App.2004). The trial court's factual findings are reviewed under the clear error standard and are binding unless so clearly erroneous as not to find support in the record. *Lyon v. Amoco Prod. Co.*, 923 P.2d 350 (Colo.App.1996). But the trial court's legal conclusions are reviewed de novo. *Walton v. State*, 968 P.2d 636 (Colo. 1998).

Here, the claims filed by Levine against the lawyers in the Denver District Court and the Denver Probate Court are premised upon the lawyers' alleged malpractice in the drafting of the estate instruments, the estate planning, and the implementation of the estate plan. According to the complaints, under the express terms of the trust and estate documents (1) Julia was to receive a family business; (2) the parents' condominium was to be transferred to the Levine Family Irrevocable Trust (LFIT) and divided equally among Rodney Levine, Hatfield, Zelson, and Julia; (3) the parents had purchased a $1,000,000 life insurance policy to pay for estate taxes; and (4) Rodney Levine, Hatfield, and Zelson were to receive the remainder of the estate.

Levine asserts that the trust documents clearly provide the LFIT would be divided into three shares. Share A transferred the family business and related real estate to Julia. Share B divided the parents' condominium equally among Rodney Levine, Hatfield, Zelson, and Julia. Share C transferred the remainder of the estate to Rodney Levine, Hatfield, and Zelson in equal shares.

Levine alleged that (1) the lawyers violated their fiduciary duties to Rodney Levine, Hatfield, Zelson, the Trust, and the Estate, by entering into a separate and undisclosed attorney-client relationship with Julia; and (2)

contrary to the express terms of the trust and estate documents, Julia received unintended distributions as a result of the lawyers' actions and inactions, including: (A) sole ownership of the condominium, (B) $500,000 of the parents' life insurance proceeds, (C) a $50,000 check Julia wrote to herself as attorney in fact for Rosamond Levine six weeks before Rosamond's death, and (D) an equal share in the remainder of the estate.

Levine further alleged that the lawyers failed to transfer title of the condominium to the LFIT; falsely represented that the parents directed them to give the life insurance proceeds to Julia to use as capital for the family business, which she then inherited; falsely represented that Julia agreed to repay the $50,000 to the estate by signing a promissory note; and falsely represented that the parents decided not to fund the LFIT with the condominium and other assets.

Levine's prayer for relief did not seek any damages from the estate. The only claims were against the lawyers.

Based on the facts alleged, the claims asserted, and the relief requested, we conclude Levine's complaint alleges legal malpractice claims, and not probate claims within the meaning of § 13–9–106(1) and § 15–16–201. Accordingly, the district court erred in determining that it lacked subject matter jurisdiction over this case, in dismissing Levine's complaint on that basis, and in granting attorney fees to the lawyers.

### III. Probate Court Jurisdiction

■ In the companion appeal (05CA0490) arising from the probate court's ruling, announced today, we conclude that the probate court lacked subject matter jurisdiction over the case and that it erred in proceeding to rule on the lawyers' motion to dismiss for Levine's alleged failure to state a claim.

We have found no reported Colorado case determining whether a probate court has jurisdiction over a legal malpractice claim filed against the lawyers who handled the estate. However, courts in other states have

held that probate courts lack jurisdiction to decide such claims. *See Ryan ex rel. Estate of Reece v. Reece,* 31 S.W.3d 82 (Mo.Ct.App. 2000); *Buckman–Peirson v. Brannon,* 159 Ohio App.3d 12, 822 N.E.2d 830 (2004).

In *Buckman–Peirson, supra,* the plaintiff sued her attorney in the common pleas court for legal malpractice, breach of contract, replevin, and intentional infliction of emotional distress relating to the settlement of the plaintiff's underlying action for the wrongful death of her husband. The attorney moved for summary judgment, contending the probate court had exclusive jurisdiction over legal malpractice and contract claims relating to representation in a probate court matter. The common pleas court agreed and granted summary judgment in favor of the attorney.

The Ohio Court of Appeals reversed. It held that while the probate court had statutory jurisdiction over the settlement of the underlying wrongful death action, the common pleas court—not the probate court—had exclusive jurisdiction over the plaintiff's malpractice and breach of contract claims. The Ohio court reasoned that the plaintiff was not seeking relief from the settlement agreement approved by the probate court. Rather, the plaintiff was suing her attorney for what she claimed was substandard representation and breach of a contract. The Ohio court also concluded the plaintiff's malpractice and breach of contract claims were separate legal issues that did not directly implicate the approval and distribution of the wrongful death settlement.

Similarly, in *Ryan ex rel. Estate of Reece v. Reece, supra,* the Missouri Court of Appeals held that the probate court lacked subject matter jurisdiction over claims for breach of fiduciary duty resulting from an attorney's conduct relating to the estate of the plaintiff, a disabled child. The Missouri court focused on the fact that the plaintiff sought recovery of damages for the defendant's breach of fiduciary duty to the estate, but did not seek to recover specific assets held by the estate.

Although two Texas Court of Appeals decisions reached a contrary result, they relied on state statutes that then gave probate courts concurrent jurisdiction over all claims filed in the district court by personal representatives of an estate. *See Greathouse v. McConnell,* 982 S.W.2d 165 (Tex.App.1998); *Bunnell v. Jordan,* 807 S.W.2d 1 (Tex.App.1991)(holding that probate courts had subject matter jurisdiction over claims for legal malpractice, gross negligence, and deceptive trade practices arising from the attorney's conduct, and relying upon Tex. Gov't Code Ann. § 25.0862(c) (Vernon 1988) and Tex. Probate Code Ann. § 5A (Vernon Supp.1991)). Colorado has no such statute.

We note that, in 2003, the statutes that provided Texas probate courts with jurisdiction over cases filed by the personal representative of an estate were repealed. *See* 2003 Tex. Sess. Law Serv. chs. 1060, 1276.

We thus conclude in the companion probate appeal that where, as here, legal malpractice claims are brought against the lawyers who provided estate planning and trust administration services and the plaintiffs do not seek to recover assets of the estate, the Denver Probate Court lacks jurisdiction to decide such claims. Jurisdiction is proper in the Denver District Court. *See Ryan ex rel. Estate of Reece v. Reece, supra; Buckman–Peirson v. Brannon, supra.* Accordingly, we vacate the probate court's order granting the lawyers' motion to dismiss for failure to state a claim. *See Valdez v. Dist. Court,* 720 P.2d 974 (Colo.1986) (orders entered without jurisdiction are void).

The order of the Denver District Court is reversed, and the case is remanded to that court for further proceedings consistent with this opinion.

Judge ROY and Judge HAWTHORNE concur.