In the Matter of the ESTATE OF Edna R. MURPHY, Deceased.

Dorothy J. Moore, Appellant,

v.

John H. Licht, Personal Representative of the Estate of Edna Murphy, Appellee.

No. 07CA0901.

Colorado Court of Appeals, Div. III.

Aug. 7, 2008.

Rehearing Denied Sept. 18, 2008.

Ginsberg and Ginsberg, Sheldon K. Ginsberg, Denver, Colorado, for Appellant.

John H. Licht, Denver, Colorado, for Appellee.

Opinion by Judge J. JONES.

Claimant, Dorothy J. Moore, appeals the probate court's order dismissing her petition, which claims an interest in property in a decedent's estate, for lack of subject matter jurisdiction. We reverse and remand for further proceedings.

## I. Background

In 1995, Edna R. Murphy executed a quitclaim deed conveying her residence to herself and Moore as joint tenants with a right of survivorship. This quitclaim deed was duly recorded shortly thereafter. In 1998, Murphy purportedly quitclaimed her interest in the property to another party, who, in 2002, quitclaimed the property back to Murphy.

Murphy died in 2005. Appellee, John R. Licht, the personal representative of Murphy's estate, attempted to sell the property, knowing of Moore's claim to the property and the cloud on title that the 1995 deed and the claim presented. Moreover, despite knowing of Moore's claim to the property, the personal representative has taken the position in the probate proceedings that the property belongs entirely to the estate, and is therefore subject to distribution to Murphy's heirs.

Moore filed a "Complaint for Partition of Real Property" in the District Court for the City and County of Denver, seeking a judicial determination of her interest in the real property. Therein, she asserted two alternative claims to the property. She claimed to own the property in its entirety by virtue of the right of survivorship that flows from the death of a joint tenant. Alternatively, she claimed that in the event the 1998 conveyance was valid, she owned half the property as a tenant in common. She requested a determination of her and the estate's ownership interests in the property and, if the property were owned as tenancy in common by virtue of the 1998 conveyance, partition of the property.

The personal representative moved to dismiss the complaint on the ground that the probate court has exclusive jurisdiction over such disputes. The district court granted the motion, ruling that it lacked subject matter jurisdiction because section 13–9–103, C.R.S.2007, vests exclusive jurisdiction in the probate court for actions involving the partition of real property of an estate. The court concluded: "Any determination regarding the relative property interests claimed by various persons in the piece of property at issue necessarily involves the property of the Estate of Edna R. Murphy."

Moore then filed a petition in the Denver Probate Court, which repeated the allegations of and requested the same relief as that requested in the petition she had filed in the district court. The personal representative filed a motion to dismiss pursuant to C.R.C.P. 12(b), asserting that the district court's judgment, from which Moore had not appealed, barred the probate court from deciding the dispute under the doctrine of claim preclusion.

Without reaching the merits of the personal representative's motion to dismiss, the probate court *sua sponte* entered an order dismissing the case for lack of subject matter jurisdiction. The court reasoned that if Moore were correct that she owned the property in joint tenancy with Murphy, title passed to her automatically upon Murphy's death, and hence the property would not be "property of the estate," a necessary precondition to probate court jurisdiction under section 13–9–103(3), C.R.S.2007. *See Taylor v. Canterbury,* 92 P.3d 961, 964 (Colo.2004) ("'Upon the death of one joint tenant, that tenant's share in the property does not pass

through will or the rules of intestate succession; rather, the remaining tenant or tenants automatically inherit it.'" (quoting *United States v. Craft*, 535 U.S. 274, 280, 122 S.Ct. 1414, 152 L.Ed.2d 437 (2002)) ). The court also reasoned that if Moore held an interest in the property as a tenant in common, her interest was not property of the estate so as to confer jurisdiction on the probate court.

## II. Subject Matter Jurisdiction

Moore contends that the probate court erred in dismissing her petition for lack of subject matter jurisdiction. We agree.

■■■■ "Subject matter jurisdiction is 'a court's power to resolve a dispute in which it renders judgment.'" *In re J.C.T.*, 176 P.3d 726, 729 (Colo.2007) (quoting in part *Trans Shuttle, Inc. v. Pub. Utils. Comm'n*, 58 P.3d 47, 49–50 (Colo.2002)); *accord Levine v. Katz*, 167 P.3d 141, 144 (Colo.App.2006). "A court has subject matter jurisdiction if the case is one of the type of cases that the court has been empowered to entertain by the sovereign from which the court derives its authority." *Levine*, 167 P.3d at 144 (internal quotation marks omitted); *accord Paine, Webber, Jackson & Curtis, Inc. v. Adams*, 718 P.2d 508, 513 (Colo.1986).

■■■■ In determining whether a particular court has jurisdiction, we consider the nature of the party's claim and the relief sought. *In re J.C.T.*, 176 P.3d at 729; *Trans Shuttle*, 58 P.3d at 50; *Levine*, 167 P.3d at 144. We review the issue of jurisdiction de novo. *In re J.C.T.*, 176 P.3d at 729.

The Denver Probate Court is a constitutional court of record. Its jurisdiction is defined by the Colorado Constitution and by statute. Article VI, section 9(3) of the Colorado Constitution provides:

> In the city and county of Denver, exclusive original jurisdiction in all matters of probate, settlements of estates of deceased persons, appointment of guardians, conservators and administrators, and settlement of their accounts, the adjudication of the mentally ill, and such other jurisdiction as may be provided by law shall be vested in a probate court. . . .

Section 15–10–302, C.R.S.2007, provides the probate court has jurisdiction "over all subject matter vested by article VI" and "articles 1 to 10 of title 13" of the Colorado Revised Statutes, and that the probate court "has full power to make orders, judgments, and decrees and take all other action necessary and proper to administer justice in the matters which come before it."

The General Assembly has more specifically delineated the probate court's jurisdiction in section 13–9–103, which provides in relevant part:

> (1) The probate court of the city and county of Denver has original and exclusive jurisdiction in said city and county of:
>
> (a) The administration, settlement, and distribution of estates of decedents, wards, and absentees;
>
> . . .
>
> (h) The determination of heirship in probate proceedings and the devolution of title to property in probate proceedings;
>
> . . . and
>
> (*l*) All other probate matters.
>
> . . .
>
> (3) The court has jurisdiction to determine every legal and equitable question arising in connection with decedents', wards', and absentees' estates, so far as the question concerns any person who is before the court by reason of any asserted right in any of the property of the estate or by reason of any asserted obligation to the estate, including, without limiting the generality of the foregoing, the jurisdiction:
>
> . . .
>
> (c) To partition any of the real or personal property of any estate in connection with the settlement thereof.

As noted above, the probate court here reasoned that if Moore owned the property outright because of the right of survivorship, or if she owned a one-half interest in the property as a result of the creation of a tenancy in common by virtue of the 1998 conveyance, there would be no property of the estate over which it had jurisdiction because in either event her "property interest is not an interest in the decedent's estate."

In so reasoning, the probate court read section 13-9-103 too narrowly.

"In resolving an issue of statutory interpretation, 'a court's essential task is to determine and give effect to the intent of the legislature.'" *Premier Farm Credit, PCA v. W-Cattle, LLC*, 155 P.3d 504, 513 (Colo.App. 2006) (quoting in part *People v. Goodale*, 78 P.3d 1103, 1107 (Colo.2003)). To accomplish this task, we must first look to the statute's language, giving the terms and phrases therein their plain and ordinary meanings. *Id.; accord Sigala v. Atencio's Market*, 184 P.3d 40, 42 (Colo.2008); *People v. Dist. Court*, 713 P.2d 918, 921 (Colo.1986). Further, "we must construe the statute as a whole to give consistent, harmonious, and sensible effect to all its parts." *Premier Farm Credit*, 155 P.3d at 513 (citing *Davison v. Indus. Claim Appeals Office*, 84 P.3d 1023, 1029 (Colo.2004)).

■ Subsection 13-9-103(3)(a) provides that the probate court "has jurisdiction to determine every legal and equitable question arising in connection with decedents' ... estates, so far as the question concerns any person who is before the court by reason of any asserted right in any of the property of the estate...." This grant of jurisdiction presupposes, by necessary implication, the possibility that a person may have a valid claim to property claimed by the estate, and therefore contemplates that such property, while claimed by the estate, does not belong to the estate. Apparently, the probate court read the provision as requiring a claimant to first establish the validity of such a claim in another forum. However, the provision grants the probate court jurisdiction over matters "in connection with" such claims to decedents' estates. We construe the phrase "in connection with" as a grant of authority to resolve disputes logically relating to the estate. *See People v. Baer*, 973 P.2d 1225, 1230 (Colo.1999) ("The commonly understood meaning of 'in connection with' contemplates a logical and contextual relationship or association exhibiting 'coherence' or 'continuity.' ... In other words, it means 'to further, advance, promote, or share a continuity of purpose.'") (interpreting the term "in connection with" as used in former section 18-9-

111(4)(a)(II), C.R.S.1998; citation omitted); *see also State v. Bews*, 177 Ariz. 334, 868 P.2d 347, 349 (Ct.App.1993) (construing "in connection with" as having "a relationship or association in thought"); *Commonwealth v. Dineen*, 70 Mass.App.Ct. 1, 872 N.E.2d 785, 791 & n. 7 (2007) (construing "in connection with" as "related to, linked to, or associated with").

■ At the time of her death, Murphy had an ownership interest in the property, either as the sole owner, a joint tenant, or a tenant in common. The personal representative claims in the probate proceeding that the real property is entirely estate property, has attempted to sell that property for the benefit of the estate, and therefore presumably seeks to distribute the property or the proceeds thereof to the heirs of the estate. Moore claims an interest in that property. Therefore, Moore's claim is logically related to the estate. *See also* § 15-12-104, C.R.S. 2007 (providing that after appointment of a personal representative, and before distribution, an action to enforce a claim against an estate is governed by the statutory procedures set forth in article 12 of title 15 relating to procedure in probate proceedings); *Mountain States Bank v. Irvin*, 809 P.2d 1113, 1116 (Colo.App.1991) (only the probate court has jurisdiction to enforce a claimed lien against estate property).

■ Further, because the personal representative has claimed the estate owns the property and seeks to distribute it, the property is "in probate proceedings." *See* § 13-9-103(1)(h). Moore's claim to the property therefore concerns the "devolution of title to property in probate proceedings," a matter over which subsection 13-9-103(1)(h) expressly gives the probate court jurisdiction.

■ Moreover, unless that claim is resolved in the probate proceeding, there exists a very real possibility that the cloud on title created by Moore's deed will, as a practical matter, preclude distribution of the property or sale of the property by the personal representative, and a possibility that any purported distribution of the property would result in conflicting claims to title. Thus, jurisdiction over Moore's claim is conferred by sub-

section 13–9–103(1)(a) as well. Under that subsection, the probate court has jurisdiction over the "distribution of estates of decedents." Resolving the questions of title to the property raised by Moore's petition is essential to the proper and orderly distribution of estate property. *See* § 15–10–302(2), C.R.S.2007 (probate court "has full power to make orders ... necessary and proper to administer justice in the matters which come before it").

Finally, Moore's petition seeks, in the alternative, a partition of the property should it be determined that the 1998 conveyance and subsequent reconveyance back to Murphy destroyed the joint tenancy and created a tenancy in common. *See Taylor*, 92 P.3d at 965–66 (joint tenancy may be terminated by any action of a joint tenant inconsistent with the right of survivorship; tenancy in common results from such an action); *see also* 7 Richard R. Powell, *Powell on Real Property* § 50.02[3][a] (Michael Allan Wolf ed.2007) (tenancy in common is created when a joint tenant conveys his or her interest to an outsider). In the event a tenancy in common was thereby created, Moore owns an *undivided* one-half of the property, and has the right to seek a partition of the property. Such a partition may be accomplished by *physically dividing* the property, or, if that is not feasible, by selling the *entire* property and dividing the proceeds between the tenants. 7 *Powell on Real Property* § 50.07[1], [3][a]. Any such partition clearly affects the estate's interest in the property as a tenant in common, and would be "in connection with the settlement" of estate property. Hence, Moore's request for partition is subject to the probate court's jurisdiction. *See* § 13–9–103(1)(a), (1)(h), (3), (3)(c).

In sum, we conclude that the probate court has subject matter jurisdiction over Moore's petition, and that the probate court erred in concluding to the contrary.

### III. Other Grounds Asserted for Affirmance

The personal representative contends that regardless whether the probate court erred in ruling that it lacked subject matter jurisdiction over Moore's petition, we may nevertheless affirm the probate court's order of dismissal on the grounds that (1) the probate court was required to grant his motion to dismiss under C.R.P.P. 8.8 because Moore's objection thereto should have been deemed dismissed; and (2) the probate court was required to grant his motion to dismiss because the district court's judgment dismissing her complaint precluded her, under the doctrine of claim preclusion, from reasserting her claims in the probate court. We reject both contentions.

### A. C.R.P.P. 8.8

C.R.P.P. 8.8 establishes a process for resolving "matters that are routine and which are expected to be unopposed...." C.R.P.P. 8.8(a). As relevant here, such matters are automatically set for a "Non–Appearance Hearing," at which neither party need appear. If a party objects to a motion pertaining to a matter within the scope of the rule, the objecting party must set the matter for an "Appearance Hearing" within ten days. If the objecting party fails to do so, the objection is deemed dismissed "with prejudice without further hearing." C.R.P.P. 8.8(a)(1), (2), (4), (5).

The personal representative set his motion to dismiss for a non-appearance hearing. Moore filed an objection to the personal representative's motion to dismiss, but did not timely request an appearance hearing. After the personal representative filed a motion for a ruling on his motion to dismiss, requesting that the court dismiss Moore's objection pursuant to C.R.P.P. 8.8(a)(5), the probate court struck the matter from the non-appearance docket on the basis that "[n]o reasonable person could expect that a 12(b) motion to dismiss would be unopposed."

■ The probate court's ruling was correct. C.R.P.P. 8.8 expressly applies only to "matters that are routine and which are expected to be unopposed...." A dispositive motion is neither a routine matter nor one that a person could reasonably expect would be unopposed. Indeed, the personal representative's dispositive motion was opposed, and on meritorious grounds.

■ Further, contrary to the personal representative's position, an objecting party's

failure to set a motion for an appearance hearing does not require the court to grant the motion. Rather, the objection to the motion is deemed dismissed. *See* C.R.P.P. 8.8(a)(5). The court retains discretion to deny the motion for any legitimate reason.

In construing an analogous rule, C.R.C.P. 121 § 1–15, divisions of this court have consistently held that, despite language in that rule that a party's failure to respond to a motion may be deemed a confession of the motion, where a drastic remedy such as dismissal or summary judgment is requested, the lack of a response alone cannot justify granting the motion. *Hemmann Mgmt. Services v. Mediacell, Inc.*, 176 P.3d 856, 858 (Colo.App.2007) (motion to dismiss for failure to state a claim may not be granted based solely on a party's failure to respond); *Quiroz v. Goff*, 46 P.3d 486, 487–88 (Colo.App. 2002) (motion for judgment on the pleadings may not be granted based solely on a party's failure to respond); *Murphy v. Dairyland Ins. Co.*, 747 P.2d 691, 693 (Colo.App.1987) (motion for summary judgment may not be granted based solely on a party's failure to respond). Such motions must be decided on their merits. For this reason as well, C.R.P.P. 8.8 has no application to dispositive motions.

### B. Claim Preclusion

■ Claim preclusion is a doctrine that protects litigants from the burden of relitigating identical claims that have already been decided adversely to another party. "For a claim in a second judicial proceeding to be precluded by a previous judgment, there must exist: (1) finality of the first judgment, (2) identity of subject matter, (3) identity of claims for relief, and (4) identity or privity between parties to the actions." *Argus Real Estate, Inc. v. E–470 Public Highway Auth.*, 109 P.3d 604, 608 (Colo. 2005).

■ The personal representative's reliance on the doctrine falters on the first element. A judgment of dismissal is entitled to preclusive effect under the doctrine of claim preclusion only if it was on the merits. *Dash v. Rubey*, 144 Colo. 481, 484, 357 P.2d 81, 83 (1960); *Batterman v. Wells Fargo Ag Credit Corp.*, 802 P.2d 1112, 1118 (Colo.App. 1990). It is well-settled in Colorado that a dismissal for lack of subject matter jurisdiction is not a judgment on the merits, and therefore does not preclude a subsequent action on the same claim in a proper forum. *Dash*, 144 Colo. at 484, 357 P.2d at 83; *Sharp Bros. Contracting Co. v. Westvaco Corp.*, 878 P.2d 38, 43 (Colo.App.1994); *Platte River Drive Joint Venture v. Vasquez*, 860 P.2d 599, 601 (Colo.App.1993); *see* C.R.C.P. 41(b)(1) (a dismissal for "lack of jurisdiction" is not an adjudication on the merits); *cf. Market Eng'g Corp. v. Monogram Software, Inc.*, 805 P.2d 1185, 1185–86 (Colo.App.1991) (dismissal for lack of personal jurisdiction is not a judgment on the merits); *Batterman*, 802 P.2d at 1118 (dismissal for lack of standing is not a judgment on the merits); *Summerhouse Condo. Ass'n, Inc. v. Majestic Sav. & Loan Ass'n*, 660 P.2d 16, 17–18 (Colo.App. 1982) (same); *see generally Costello v. United States*, 365 U.S. 265, 284–86, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961); 18 James Wm. Moore, et al., *Moore's Federal Practice* § 131.30[3][b] (3d ed.2008); Restatement (Second) of Judgments § 20(1)(a) (1982).

■ Contrary to the personal representative's suggestion, it makes no difference that the district court (mistakenly) ordered that the dismissal be with prejudice rather than without prejudice. The erroneous designation of a dismissal does not convert the judgment into one on the merits. *Market Eng'g Corp.*, 805 P.2d at 1185–86; *Morehart v. Nat'l Tea Co.*, 29 Colo.App. 465, 467–68, 485 P.2d 907, 908 (1971); *see Ansari v. Bella Automotive Group, Inc.*, 145 F.3d 1270, 1272 (11th Cir.1998); *Dickens v. Associated Anesthesiologists, P.C.*, 709 N.W.2d 122, 126–27 (Iowa 2006).

In sum, the personal representative was not entitled to judgment on the basis of claim preclusion. Therefore, the probate court's order cannot be affirmed on that basis.

The order is reversed, and the case is remanded to the probate court for further proceedings.

Judge CASEBOLT and Judge RUSSEL concur.