24CA0789 Jensen v Loveland 01-02-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0789
Larimer County District Court No. 23CV246
Honorable C. Michelle Brinegar, Judge

---

Bill Jensen,

Plaintiff-Appellant,

v.

Loveland City Council,

Defendant-Appellee.

---

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE MOULTRIE
Welling and Brown, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 2, 2025

---

Eric Maxfield Law, LLC, Eric Maxfield, Boulder, Colorado, for Plaintiff-Appellant

Nathan Dumm & Mayer, P.C., Nicholas C. Poppe, Denver, Colorado, for Defendant-Appellee

¶ 1    Plaintiff, Bill Jensen, appeals the district court's judgment dismissing his complaint against defendant, Loveland City Council (the city council). We reverse the judgment and remand the case for further proceedings.

## I.    Background

### A.    Jensen's May Complaint

¶ 2    In May 2023, Jensen filed a complaint (May complaint)[1] seeking injunctive relief against the city council after it adopted an urban renewal plan titled "Resolution #R-50-2023" (Resolution 50). In the May complaint, Jensen alleged, among other things, that the city council had violated section 24-6-402, C.R.S. 2024, the Colorado Open Meetings Law (the COML), by adopting Resolution 50 without providing the public with proper notice of the hearing. The city council filed a motion to dismiss (first motion to dismiss) Jensen's May complaint. As relevant here, the city council alleged that the court lacked subject matter jurisdiction because Jensen's complaint wasn't timely filed under C.R.C.P. 106(a)(4).

---

[1] The complaint was filed in Larimer County District Court Case No. 23CV162.

1

¶ 3    In ruling on the city council's first motion to dismiss, the district court construed Jensen's May complaint as a request for relief under C.R.C.P. 106(a)(4).[2]  The court concluded that the May complaint was time barred because C.R.C.P. 106(b) requires a complaint seeking review under C.R.C.P. 106(a)(4) to be filed in the district court no later than twenty-eight days after the final decision of the body or officer.  And the district court concluded that Jensen filed the May complaint on the twenty-ninth day, which presented a jurisdictional limitation that "[couldn't] be waived or tolled."

¶ 4    After determining it lacked subject matter jurisdiction to address Jensen's complaint and that he couldn't cure the jurisdictional defect, the district court dismissed Jensen's May complaint with prejudice (prior judgment).

### B.    Jensen's December Complaint

¶ 5    After the district court dismissed the May complaint, Jensen filed a second complaint in December 2023 (December complaint).

---

[2] C.R.C.P. 106(a)(4) allows a party to "seek relief" in the district court "[w]here, in any civil matter, any governmental body or officer or any lower judicial body exercising judicial or quasi-judicial functions has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy otherwise provided by law."

The allegations in Jensen's December complaint largely mirrored those he presented in his May complaint, namely that the city council had violated the COML when it approved Resolution 50. The city council filed a motion to dismiss (second motion to dismiss) under C.R.C.P. 12(b)(5). The second motion to dismiss asserted that Jensen had failed to state a claim because "[he] specifically, and the public generally, was . . . able to participate in public debate over [Resolution 50] and review the process leading up to the City Council's decision." The city council thus argued that any alleged violations of the COML had been "cured" prior to Jensen filing the December complaint.

¶ 6 After full briefing on the city council's second motion to dismiss, the district court ordered Jensen and the city council to each "file a notice regarding how [the current] case may differ from [the prior case]." In response, the city council argued that the prior judgment precluded Jensen's December complaint under the doctrine of claim preclusion and requested that the district court dismiss the December complaint with prejudice. Jensen filed a one-page response in which he asserted that "[t]he merits and

allegations [of the May complaint] were not adjudicated or considered, whatsoever."

¶ 7     The district court concluded that Jensen's December complaint was precluded because "[t]he previous case resulted in final judgment; the same facts and parties [were] involved; and the present claims for relief include[d] both the same claims and those that could have been brought in the first case." The district court then dismissed the December complaint with prejudice, and this appeal followed.

## II.     Claim Preclusion

### A.     Legal Principles

¶ 8     Whether a complaint is barred on the basis of claim preclusion is a question of law that we review de novo. *Foster v. Plock*, 2016 COA 41, ¶ 28, *aff'd on other grounds*, 2017 CO 39.

¶ 9     Claim preclusion "operates as a bar to a second action on the same claim litigated in a prior proceeding when there is (1) finality of the first judgment; (2) identity of subject matter; (3) identity of claims for relief; and (4) identity of or privity between parties to the actions." *McLane W., Inc. v. Dep't of Revenue*, 199 P.3d 752, 756 (Colo. App. 2008). And "[i]t is well-settled in Colorado that a

4

dismissal for lack of subject matter jurisdiction is not a judgment on the merits, and therefore does not preclude a subsequent action on the same claim in a proper forum." *In re Estate of Murphy*, 195 P.3d 1147, 1153 (Colo. App. 2008) (also noting that it "makes no difference" that the dismissal was "with prejudice" when the basis for dismissal is the court's lack of subject matter jurisdiction).

¶ 10    The presence of all four elements is required for the doctrine of claim preclusion to apply. *See Cruz v. Benine*, 984 P.2d 1173, 1176 (Colo. 1999).

## B.    Analysis

¶ 11    Jensen asserts that the prior judgment lacked finality because the district court dismissed the May complaint for being untimely; thus, the court never addressed the merits of that complaint's underlying claims. In its answer brief, the city council concedes that "[u]pon further review of the case law cited in Mr. Jensen's Opening Brief, specifically with respect to the first element of claim preclusion, the Loveland City Council respectfully agrees that Mr. Jensen's claim under Colorado's Open Meetings Law is not claim precluded."

¶ 12    While "[w]e are not bound by the parties' concessions," *People v. Knott*, 83 P.3d 1147, 1148 (Colo. App. 2003), we agree that Jensen's December complaint was not precluded by the prior judgment. Because the prior judgment was dismissed for lack of subject matter jurisdiction, it didn't determine the merits of Jensen's claim. Thus, that judgment lacked finality for purposes of claim preclusion.

¶ 13    "A dismissal under C.R.C.P. 12(b)(1) is not an adjudication on the merits, but rather is the result of a court lacking the power to hear the claims asserted." *Grant Bros. Ranch, LLC v. Antero Res. Piceance Corp.*, 2016 COA 178, ¶ 35. And "the words 'with prejudice' in [an] order of dismissal are a nullity and would in no way bar a subsequent action asserting the same claim for relief" when the dismissal was not an adjudication on the merits. *Morehart v. Nat'l Tea Co.*, 485 P.2d 907, 908 (Colo. App. 1971).

¶ 14    With respect to the prior judgment, the district court found that "it lack[ed] subject matter jurisdiction" and granted the city council's first motion to dismiss "pursuant to [C.R.C.P.] 12(b)(1)." Thus, the prior judgment lacked finality for purposes of precluding Jensen's December complaint, *see Murphy*, 195 P.3d at 1153, and

6

the district court reversibly erred when it dismissed it on that basis. We need not address the remaining elements of claim preclusion because the first element — finality of judgment — is absent here, and all four elements are required for the doctrine of claim preclusion to apply. *See Benine*, 984 P.2d at 1176. Because we are reversing and remanding to the district court, we also decline to address Jensen's remaining contentions. *See Laleh v. Johnson,* 2016 COA 4, ¶ 37 (declining to address subsequent contentions where the underlying judgment was reversed and remanded to the trial court), *aff'd on other grounds*, 2017 CO 93.

### III.    Attorney Fees

### A.    Legal Principles

¶ 15    Under section 24-6-402(9)(b), a plaintiff is entitled to an award of attorney fees upon a finding that a governmental entity has violated the provisions of the COML. *Zubeck v. El Paso Cnty. Ret. Plan*, 961 P.2d 597, 601 (Colo. App. 1998). "If attorney fees are recoverable for the appeal, the principal brief of the party claiming attorney fees must include a specific request, and explain the legal and factual basis, for an award of attorney fees." C.A.R. 39.1.

## B. Analysis

¶ 16 Jensen asserts that he is entitled to reasonable attorney fees under section 24-6-402(9)(b). Specifically, Jensen "seeks his reasonable attorney fees and costs . . . if the matter is remanded and if he prevails on his Open Meetings Law complaint." The city council asserts that Jensen's request for attorney fees is "premature[] as he has yet to prevail under the Open Meetings Law." We agree with the city council.

¶ 17 While Jensen's principal brief requests reasonable attorney fees and costs under section 24-6-402(9)(b), the merits of his COML claims haven't been decided by the district court yet. Accordingly, we deny any request for attorney fees and costs under section 24-6-402(9)(b).

## IV. Disposition

¶ 18 The judgment is reversed. The case is remanded to the district court to reinstate Jensen's December complaint and allow the parties to proceed with respect to that complaint.

JUDGE WELLING and JUDGE BROWN concur.