24CA2210 Estate of Geonetta 10-30-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA2210
Pueblo County District Court No. 23PR30472
Honorable Timothy O'Shea, Judge

In re the Estate of Samuel Joseph Geonetta, a/k/a Samuel J. Geonetta, a/k/a Samuel Geonetta, a/k/a Sam Geonetta, deceased.

Christina Ingram,

Appellant,

v.

Misty Lynn Geonetta, Personal Representative,

Appellee.

---

ORDER REVERSED AND CASE REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE JOHNSON
Welling and Grove, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 30, 2025

---

Perko Law, LLC, Anthony P. Perko, Pueblo, Colorado, for Appellant

William J. Ballas, Pueblo, Colorado, for Appellee

¶ 1     Christina Ingram (Ingram) appeals the probate court's order dismissing her petition to quiet title involving property that is part of the estate of her brother, Samuel J. Geonetta (brother).[1]  On appeal, Ingram contends that the probate court erred by determining that (1) it lacked subject matter jurisdiction over her petition; (2) Ingram did not have standing to pursue her petition; and (3) her claim was barred by issue preclusion.  We conclude that the probate court had subject matter jurisdiction over Ingram's petition, as she had standing to have her claim adjudicated as part of her brother's estate.  Therefore we reverse and remand.

## I.     Background

¶ 2     This dispute concerns real property located in Pueblo County that the Geonetta family has owned since 1978 (the Property). Ingram's father was Samuel A. Geonetta (father), and he inherited the Property from his father, Ingram's grandfather.  Ingram's father had one son, Ingram's brother.  In 2018, the father quitclaimed the

---

[1] We refer to individuals in this opinion either by their relationship to Ingram or, later in the opinion, by their first name, as most individuals share the same last name.  We intend no disrespect by doing so.

Property to himself and the brother in joint tenancy, conveying an undivided one-half interest to the brother.

¶ 3 In 2022, the father died leaving a partially completed quitclaim deed that would have added Ingram to the Property's title. Based on this partially completed quitclaim deed, the father's representations before his death, and the codicil to the father's will stating, "I specifically give Christina Geonetta Ingram my residuary estate of [the Property]," Ingram contends that the father intended to sever the joint tenancy and quitclaim the Property to her and her brother.

¶ 4 As a result of those representations, Ingram alleged that she made substantial improvements to the Property totaling at least $17,000.

¶ 5 Because of the completed quitclaim deed between the father and the brother, the Property passed to the brother outside of probate upon the father's death, and the brother became the sole legal owner of the Property. In November 2023, the brother died intestate. His daughter and only heir, Misty Geonetta (Misty), served as the personal representative of the brother's estate.

¶ 6    In 2024, Ingram filed a complaint in Pueblo County Case No. 24CV30154 (the civil case) in district court against Misty and the brother's estate to quiet title, claiming a fifty percent ownership interest in the Property.  The civil case was dismissed for lack of subject matter jurisdiction, and the district court directed Ingram to pursue any valid claim in probate court.

¶ 7    Ingram filed the same complaint against her brother's estate in the probate court.  The probate court also dismissed Ingram's action, stating that it was "barred by issue preclusion, and dismissed based on lack of standing and subject matter jurisdiction."  It found that Misty was entitled to the entire Property under the laws of intestate succession.  Ingram now appeals.

## II.    Standard of Review

¶ 8    We review the issues of subject matter jurisdiction, standing, and issue preclusion de novo.  *Jim Hutton Educ. Found. v. Rein*, 2018 CO 38M, ¶ 17 (subject matter jurisdiction); *Ferguson v. Spalding Rehab., LLC*, 2019 COA 93, ¶ 7 (standing); *Stanton v. Schultz*, 222 P.3d 303, 307 (Colo. 2010) (issue preclusion).  We review a court's power to fashion equitable remedies for an abuse of discretion.  *Beren v. Beren*, 2015 CO 29, ¶ 12.  A court "abuses its

3

discretion when its decision is manifestly arbitrary, unreasonable, unfair, or based on a misapplication of the law." *Black v. Black*, 2020 COA 64M, ¶ 118.

### III.    Analysis

¶ 9    Ingram contends that she suffered an injury in fact because her father expressed an intent to convey a one-half interest in the Property to her and she acted in detrimental reliance on that representation to make improvements to the Property.  We agree.

¶ 10    Standing is a jurisdictional prerequisite that "involves a consideration of whether a plaintiff has asserted a legal basis on which a claim for relief can be predicated." *Hickenlooper v. Freedom from Religion Found. Inc.*, 2014 CO 77, ¶ 7 (quoting *Bd. of Cnty. Comm'rs v. Bowen/Edwards Assocs., Inc.*, 830 P.2d 1045, 1052 (Colo. 1992)).  When a party's standing is challenged, it "represents a challenge to the court's subject matter jurisdiction." *Nonhuman Rts. Project, Inc. v. Cheyenne Mountain Zoological Soc'y*, 2025 CO 3, ¶ 20 (quoting *Lobato v. State*, 218 P.3d 358, 368 (Colo. 2009)).  Thus, whether a plaintiff has standing to bring a claim must be determined before a court may decide the issue on the merits.  *Id.*; *see Ainscough v. Owens*, 90 P.3d 851, 855 (Colo. 2004).

¶ 11 To have standing, the plaintiff must allege (1) an injury fact (2) to a legally protected interest. *HealthONE v. Rodriguez*, 50 P.3d 879, 892 (Colo. 2002). "[T]he alleged injury may be tangible, such as physical damage or economic harm . . . ." *Barber v. Ritter*, 196 P.3d 238, 245-46 (Colo. 2008). "[A] legally protected interest may be tangible or intangible," and "[i]t may rest in property, arise out of contract, lie in tort, or be conferred by statute." *Id.* at 246.

¶ 12 The probate court determined that Ingram did not allege that she had "suffered an actual injury to a legally protected interest" because she did not "dispute that she does not have a legally protected ownership interest in the Property, but relie[d] solely on the Probate Court's equitable authority," which the court declined to exercise as it would be contrary to the laws governing intestate succession. The probate court also reasoned that Ingram could not bring her claim under C.R.C.P. 105 because that provision deals with quieting title among competing claims of ownership and it would be contrary to the race notice statute involving recorded real property interests.

¶ 13 Although the probate court recognized it had authority to decide equitable questions, its decision not to exercise that

authority placed too much emphasis on whether Ingram had "legal" title to the property.

¶ 14    Section 13-9-103(3), C.R.S. 2025, authorizes a probate court "to determine every legal and equitable question arising in connection with decedents', wards', and absentees' estates" involving matters that concern "any person who is before the court by reason of any asserted right in any of the property of the estate or by reason of any asserted obligation to the estate."[2]  As part of that authority, probate courts are vested with jurisdiction to determine "heirship in probate proceedings and the devolution of title to property in probate proceedings."  § 13-9-103(1)(h).  In combination, these two probate provisions "presuppose[], by necessary implication, the possibility that a person may have a valid claim to property claimed by the estate, and therefore contemplate[] that such property, while claimed by the estate, does

---

[2] Although this provision is codified as part of the authority vested in the probate court for the City and County of Denver, the probate code authorizes district courts sitting in probate to enforce the provisions of articles 1 through 10 of title 13.  *See* § 15-10-302(1), C.R.S. 2025; *In re Estate of Lembach*, 622 P.2d 606, 607 (Colo. App. 1980) ("[T]he specific enumeration of the Denver Probate Court's subject matter jurisdiction [in title 13, article 9] is applicable to all district courts sitting in probate matters.").

not belong to the estate." *In re Estate of Murphy*, 195 P.3d 1147, 1151 (Colo. App. 2008).

¶ 15   The General Assembly vested the probate courts with equitable authority precisely so that a trier of fact may determine whether a person's equitable claim to property that has been claimed as part of an estate is either distributed to the heirs or excluded from the estate. In other words, Ingram has standing to pursue her claim because she has an alleged injury in fact to a legally protected interest — i.e., a claimed fifty percent equitable ownership interest in the Property, which Misty claims belongs solely to the estate. By foreclosing Ingram from pursuing her claim on standing grounds, the probate court risks improperly distributing estate property; whether Ingram may ultimately prevail on the merits is not the question at this point — she has sufficiently pled facts to entitle her to a forum to adjudicate her claimed interest in the Property.

¶ 16   We also disagree with the court's dismissal of Ingram's claim on issue preclusion grounds. Ingram's concession from the civil case that her brother had *legal* title to the Property at the time of his death does not foreclose her claim that she has an *equitable*

interest in it. To the extent the probate court relied on issue preclusion to dismiss Ingram's quiet title claim, this was error. Ingram's civil case was dismissed for lack of subject matter jurisdiction, and "[i]t is well-settled in Colorado that a dismissal for lack of subject matter jurisdiction is not a judgment on the merits, and therefore does not preclude a subsequent action on the same claim in a proper forum." *Id.* at 1153.

¶ 17  Therefore, we conclude that Ingram has standing to pursue the claims she raised in her complaint.

## IV.  Conclusion

¶ 18  We reverse the order of dismissal and remand the case to the probate court to reinstate Ingram's complaint.

JUDGE WELLING and JUDGE GROVE concur.